**| Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**09/12/2025**

### Reply

Defendant Vertical Enterprise, LLCs Reply in Support of Motion to Dismiss; Electronic Filing Certificate of Service.
> **Filed By:** PAUL LOUIS BRUSATI
> **On Behalf Of:** VERTICAL ENTERPRISE, LLC

**09/10/2025**

### Motion Granted/Sustained

> **Associated Entries: 08/07/2025 -**
**Motion for Extension of Time**
> **+**

**09/09/2025**

### Case Mgmt Conf Scheduled

> **Scheduled For:** 11/12/2025; 8:30 AM; MARTY WAYNE SEATON; Jackson - Independence

**09/05/2025**

### Suggestions in Opposition

Plaintiffs Response in Opposition to Defendant Verticals Motion to Dismiss; Electronic Filing Certificate of Service.
> **Filed By:** ANDREW JOSEPH SCHERMERHORN
> **On Behalf Of:** CHRISTOPHER VICK, BRIDGET BIERSMITH

**08/29/2025**

### Motion to Dismiss

Defendant Vertical Enterprise, LLCs Motion to Dismiss for Failure to State a Claim; Electronic Filing Certificate of Service.
> **Filed By:** PAUL LOUIS BRUSATI
> **On Behalf Of:** VERTICAL ENTERPRISE, LLC

**08/21/2025**

### Cert Serv Req Prod Docs Things

Certificate of Service - Discovery; Electronic Filing Certificate of Service.
> **Filed By:** PAUL DOUGLAS ANDERSON
> **On Behalf Of:** BRIDGET BIERSMITH

**08/20/2025**

### Entry of Appearance Filed

Entry of Appearance; Electronic Filing Certificate of Service.
> **Filed By:** ANDREW JOSEPH SCHERMERHORN
> **On Behalf Of:** CHRISTOPHER VICK, BRIDGET BIERSMITH

### Amended Motion/Petition Filed

First Amended Class Action Petition; Electronic Filing Certificate of Service.
> **Filed By:** PAUL DOUGLAS ANDERSON
> **On Behalf Of:** CHRISTOPHER VICK, BRIDGET BIERSMITH

**08/07/2025**

### Motion for Extension of Time

Consented to Motion to Extend Time to Respond to Petition; Electronic Filing Certificate of Service.
> **Filed By:** PAUL LOUIS BRUSATI
> **On Behalf Of:** VERTICAL ENTERPRISE, LLC
> **Associated Entries: 09/10/2025 - Motion Granted/Sustained**

**07/16/2025**

### Notice of Service

Return of Service.
> **Filed By:** PAUL DOUGLAS ANDERSON
> **On Behalf Of:** CHRISTOPHER VICK, BRIDGET BIERSMITH

### Return Service - Other

Document ID - 25-SMCC-6992; Served To - VERTICAL ENTERPRISE, LLC; Served Date - 07/08/2025; Served Time - 14:40:17;
Service Type - OT; Reason Description - OTHR; Service Text -EMAIL SERVICE ACCEPTED BY DEFENSE COUNSEL

**07/15/2025**

# EXHIBIT 1

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

    **Filed By:** NICHOLAS DAVID SLOVIKOSKI

    **On Behalf Of:** VERTICAL ENTERPRISE, LLC

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

    **Filed By:** ERIC MICHAEL WALTER

    **On Behalf Of:** VERTICAL ENTERPRISE, LLC

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

    **Filed By:** PAUL LOUIS BRUSATI

    **On Behalf Of:** VERTICAL ENTERPRISE, LLC

**07/02/2025**

    **Summons Issued-Circuit**

    Document ID: 25-SMCC-6992, for VERTICAL ENTERPRISE, LLC

    **Summons Issued-Circuit**

    Document ID: 25-SMCC-6991, for FRESH GREEN, LLC

**06/30/2025**

    **Alias Summons Requested**

    Correspondence to Clerk; Electronic Filing Certificate of Service.

        **Filed By:** THOMAS JOHN PORTO

        **On Behalf Of:** CHRISTOPHER VICK, BRIDGET BIERSMITH

**06/27/2025**

    **Correspondence Sent**

**06/20/2025**

    **Summ Req-Circuit Pers Serv**

    Summons Instructions.

        **Filed By:** PAUL DOUGLAS ANDERSON

        **On Behalf Of:** CHRISTOPHER VICK, BRIDGET BIERSMITH

    **Summ Req-Circuit Pers Serv**

    Summons Instructions.

        **Filed By:** PAUL DOUGLAS ANDERSON

        **On Behalf Of:** CHRISTOPHER VICK, BRIDGET BIERSMITH

**06/17/2025**

    🔒 **Confidential Correspondence**

    Correspondence to Clerk.

        **Filed By:** PAUL DOUGLAS ANDERSON

        **On Behalf Of:** CHRISTOPHER VICK, BRIDGET BIERSMITH

    **Confid Filing Info Sheet Filed**

    Civil Case Information.

        **Filed By:** PAUL DOUGLAS ANDERSON

        **On Behalf Of:** CHRISTOPHER VICK, BRIDGET BIERSMITH

**06/16/2025**

    **Correspondence Sent**

    FORM 4 FOR 3RD DEFENDANT

**06/13/2025**

    **Filing Info Sheet eFiling**

        **Filed By:** PAUL DOUGLAS ANDERSON

    **Note to Clerk eFiling**

        **Filed By:** PAUL DOUGLAS ANDERSON

    **Confid Filing Info Sheet Filed**

    Civil Case Information Biersmith.

        **Filed By:** PAUL DOUGLAS ANDERSON

        **On Behalf Of:** CHRISTOPHER VICK, BRIDGET BIERSMITH

    **Confid Filing Info Sheet Filed**

    Civil Case Information Vick.

        **Filed By:** PAUL DOUGLAS ANDERSON

        **On Behalf Of:** CHRISTOPHER VICK, BRIDGET BIERSMITH

**Pet Filed in Circuit Ct**
Missouri Tax Refund Class Action.
    **Filed By:** PAUL DOUGLAS ANDERSON
    **On Behalf Of:** CHRISTOPHER VICK, BRIDGET BIERSMITH

Electronically Filed - Jackson - Independence - June 13, 2025 - 05:07 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

**AT INDEPENDENCE**

| | |
|---|---|
| Christopher Vick and Bridget Biersmith, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>FRESH GREEN, LLC<br>Serve:<br>Registered Agent, Robert Sullivan 3004 SW Coachlight Place, Lee's Summit, MO 64081<br><br>and<br><br>VERTICAL ENTERPRISE, LLC<br>Serve: Registered Agent, Christopher McHugh, 926 Cherry St., Kansas City, MO 64106<br><br>and JOHN DOE DISPENSARIES 1-215,<br><br>    Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**<u>CLASS ACTION PETITION</u>**

COMES NOW Plaintiffs Christopher Vick and Bridget Biersmith, individually and on behalf of all others similarly situated, by and through undersigned counsel, and for their Class Action Petition against Defendants states as follows:

**<u>NATURE OF THE CASE</u>**

1.      This case arises out of the unconstitutional imposition and collection of a 3% sales tax on retail marijuana purchases in Missouri, imposed by various county governments but collected by licensed marijuana dispensaries at the point of sale.

2.	Plaintiffs bring this class action on behalf of all consumers who paid the 3% tax at the point of sale and now seek restitution and damages against the dispensaries who collected and may ultimately benefit from those funds.

3.	Although refunds have not yet been issued to the dispensaries, Plaintiffs seek, among other things, equitable relief to preserve the purchasers' claims and ensure that any funds ultimately returned are not wrongfully retained by dispensaries.

4.	Plaintiffs assert claims for unjust enrichment, money had and received, violations of the Missouri Merchandising Practices Act ("MMPA"), declaratory and injunctive relief, constructive trust, and accounting.

## THE PARTIES

5.	Plaintiff Christopher Vick is a resident of Jackson County, Missouri, and purchased marijuana products from Defendant Fresh Green, LLC on or around December 16, 2023, March 21, 2024, and September 17, 2024, paying the 3% unconstitutional sales tax.

6.	Plaintiff Bridget Biersmith is a resident of Jackson County, Missouri, and purchased marijuana products from Defendant Vertical Enterprise, LLC on or around May 21, 2025, paying the 3% unconstitutional sales tax.

7.	Defendant Fresh Green, LLC is a Missouri-licensed retail marijuana dispensary operating in Jackson County, Missouri, located at 7130 Wornall Road, Kansas City, Missouri 64114.

8.	Defendant Vertical Enterprise, LLC is a Missouri-licensed retail marijuana dispensary operating in Buchanan County, Missouri, located at 908 N. Belt Hwy, St. Joseph, Missouri 6506.

9. John Doe Dispensaries 1-215 are other dispensaries in Missouri that collected the unconstitutional tax and may receive or retain refunds of those funds.

10. Collectively, defendant Dispensaries (referred to collectively as the "Defendant Class") all acted the same by collecting the 3% sales tax.

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to Mo. Const. art. V, § 14 and RSMo § 478.070.

12. Venue is proper under RSMo § 508.010 because the transactions occurred in this county and Defendant operates or resides here.

## FACTUAL ALLEGATIONS

13. Plaintiffs and the Class purchased marijuana products from Defendants and were charged an additional 3% in sales tax imposed by their county government.

14. A Missouri court has since held that the imposition of the 3% county sales tax on marijuana was unconstitutional.[1]

15. Dispensaries collected the tax directly from consumers at the point of sale.

16. Refunds of the unconstitutional tax have not yet been issued to the dispensaries.

17. Plaintiffs allege on information and belief that dispensaries intend to retain such funds if and when they are issued.

18. It is inequitable for Defendants to retain the benefit of taxes paid by consumers that were collected pursuant to an unconstitutional scheme.

---

[1] *Robust Missouri Dispensary 3, LLC v. St. Louis Cnty.*, No. ED 112642, 2024 WL 4744086, at *1 (Mo. Ct. App. Nov. 12, 2024), *reh'g and/or transfer denied* (Dec. 16, 2024), *cause ordered transferred to Mo. Sup. Ct.* (Jan. 28, 2025).

19.     Plaintiffs and the Class seek restitution or constructive relief to ensure they remain entitled to any funds that may later be refunded or credited to Defendants.

## CLASS ACTION ALLEGATIONS

**A.      The Plaintiff Class**

20.      Plaintiffs bring this action on behalf of a class defined as:

> All persons who purchased marijuana products from a Missouri dispensary and were charged a 3% county sales tax that was later declared unconstitutional.

21.     The Class is so numerous that joinder is impracticable.

22.      There are questions of law and fact common to the Class, including:

a.   Whether the 3% county tax was unconstitutional;

b.   Whether Defendants were unjustly enriched by collecting or retaining the tax;

c.   Whether consumers are entitled to refunds;

d.   Whether Defendants violated the MMPA.

23.      Plaintiffs' claims are typical of the Class.

24.      Plaintiffs will fairly and adequately protect the interests of the Class.

25.     A class action is superior to other methods of adjudication. *See Hale v. Wal-Mart Stores, Inc.*, 231 S.W.3d 215, 222 (Mo. App. 2007) (class action proper where common issues predominate and class treatment superior to other methods).

**B.      The Defendant Class**

26.     Upon information and belief, there are more than 200 Missouri-licensed marijuana dispensaries that collected a 3% county sales tax from consumers at the point of sale during the relevant period. The members of the proposed Defendant Class are thus so numerous that joinder of each individual defendant is impracticable, satisfying the numerosity requirement of Missouri Rule 52.08(a)(1).

Electronically Filed - Jackson - Independence - June 13, 2025 - 05:07 PM

27.     The members of the proposed Defendant Class acted under materially identical legal and factual circumstances: all collected a 3% county-level tax under the same statutory regime, imposed by their respective local governments and later declared unconstitutional. These commonalities give rise to questions of law and fact that are typical of the class and predominate over any individual issues, including whether dispensaries were permitted to retain funds collected under an unlawful tax and whether they must return those funds to the consumers from whom they were collected.

28.     The defenses likely to be raised by members of the Defendant Class—such as claims that they acted as passive collectors, lacked discretion, or are not proper parties to restitution—are common across the class and can be adjudicated collectively.

29.     This case satisfies the requirements of Rule 52.08(b)(1)(A) and (b)(2) in that separate actions against individual dispensaries would create a risk of inconsistent or varying adjudications and would impair the ability of absent class members to protect their interests. Moreover, the relief sought by Plaintiff includes uniform declaratory and equitable remedies applicable to the entire Defendant Class, making class-wide adjudication appropriate.

30.     The named Defendant representatives—Vertical Enterprise, LLC and Fresh Green, LLC—have been named not because they are atypical, but because their conduct is representative of the Defendant Class as a whole. They are similarly situated to other dispensaries and are well-suited to represent their interests in the adjudication of class-wide liability.

31.     Plaintiff proposes that notice be provided to members of the Defendant Class pursuant to Rule 52.08(c)(2)(A), consistent with due process, in a form and manner to be determined by the Court after certification.

32.     Class certification of the Defendant Class is a superior method for the fair and efficient adjudication of this controversy, given the uniformity of conduct, the potential for inconsistent obligations, and the manageability of class-wide resolution on liability and remedies.

## COUNT I
## UNJUST ENRICHMENT

33.     Plaintiffs re-allege the foregoing paragraphs.

34.     Defendant Class received money from Plaintiffs and the Class in the form of unconstitutional taxes.

35.     Defendant Class was enriched by retaining or receiving refunds of such funds.

36.     It would be unjust for the Defendant Class to retain this benefit. *See Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. App. 2010).

37.     Plaintiffs and the Class are entitled to restitution.

## COUNT II
## MONEY HAD AND RECEIVED

38.     Plaintiffs re-allege the foregoing paragraphs.

39.     Defendant Class received money which, in equity and good conscience, belongs to Plaintiff and the Class.

40.     Plaintiffs are entitled to judgment for the amount wrongfully retained by and/or refunded to the Defendant Class. *See Ward v. Luck*, 242 S.W.3d 473, 476 (Mo. App. 2008).

## COUNT III
## VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

41.     Plaintiffs re-allege the foregoing paragraphs.

42.     Defendant Class engaged in the sale of merchandise as defined by the MMPA.

6

43. Defendant Class' imposition of an unlawful tax was deceptive, unfair, and unconscionable under RSMo § 407.020. *See Huch v. Charter Commc'ns, Inc.*, 290 S.W.3d 721, 725 (Mo. 2009).

44. Plaintiffs suffered ascertainable losses in the form of the 3% overcharge.

45. Plaintiffs and the Class are entitled to damages, attorneys' fees, and injunctive relief. RSMo § 407.025.1.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

46. Plaintiffs re-allege the foregoing paragraphs.

47. An actual controversy exists over the rightful ownership of the funds collected.

48. Plaintiffs seek a declaration that the funds must be returned to purchasers and an injunction prohibiting Defendant Class from retaining any refund. See RSMo § 527.010.

## COUNT V
## CONSTRUCTIVE TRUST

49. Plaintiffs re-allege the foregoing paragraphs.

50. Defendant Class holds funds that belong to Plaintiffs and the Class.

51. A constructive trust should be imposed on those funds to ensure proper restitution. *See Fix v. Fix*, 847 S.W.2d 762, 765 (Mo. 1993).

## COUNT VI
## ACCOUNTING

52. Plaintiffs re-alleges the foregoing paragraphs.

53. Plaintiffs seek an accounting of all funds collected, retained or refunded to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court:

7

Electronically Filed - Jackson - Independence - June 13, 2025 - 05:07 PM

A. Certify this action as a class action;

B. Certify a Defendant Class of Missouri-licensed dispensaries and appoint Defendant Vertical Enterprise, LLC and Fresh Green, LLC as representatives of the Defendant Class.

C. Award restitution, actual damages, and statutory damages;

D. Impose a constructive trust over unlawfully retained funds;

E. Enter declaratory and injunctive relief;

F. Award attorneys' fees and costs;

G. Grant such other relief as is just and proper.

**DEMAND FOR JURY TRIAL**

The plaintiffs hereby demand a trial by jury on all claims set forth in this Petition.

Respectfully Submitted,

**THE POPHAM LAW FIRM, P.C.**

*/s/ Paul D. Anderson*
Paul D. Anderson, MO #65354
712 Broadway Blvd., #100
Kansas City, Missouri 64105
P: (816) 221-2288
F: (816) 221-3999
paul@pophamlaw.com

Andrew Schermerhorn, MO #62101
**KLAMANN & SCHERMERHORN, PA**
4435 Main Street, Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
ajs@klamannlaw.com

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ AT KANSAS CITY    ☒ AT INDEPENDENCE

**RE**:    **VICK, ET AL V. FRESH GREEN LLC, ET AL.**
**CASE NO:**    **2516-CV18924**

**TO:**    **PAUL DOUGLAS ANDERSON**
       **712 BROADWAY BLVD**
       **#100**
       **KANSAS CITY, MO  64105**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>June 13,2025</u>. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☒ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12  SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:**   **To further process your case you will need to provide a Form 4 and service instructions if service is needed.**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

<u>**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.**</u>

**Please refer to the Court's website at <u>www.16thcircuit.org</u> for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed JUNE 16, 2025 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

JUNE 16, 2025                    By  _Mary Proper_
_____                    _____
Date                             Deputy Clerk
                    ☐  415 East 12th St., Kansas City, Missouri 64106
                    ☒  308 W. Kansas, Independence, Missouri 64050

# THE POPHAM LAW FIRM, P.C.

PARTNERS

WM. DIRK VANDEVER

DENNIS E. EGAN

MARK SCHLOEGEL**

SINCE 1918
712 BROADWAY, SUITE 100
KANSAS CITY, MISSOURI 64105
(816) 221-2288
FACSIMILE (816) 221-3999
popham@pophamlaw.com
online: www.pophamlaw.com

PARTNERS

THOMAS J. PORTO*

COOPER MACH*

PAUL D. ANDERSON

*ADMITTED IN MISSOURI AND KANSAS  **ADMITTED IN MISSOURI, KANSAS, AND COLORADO

June 17, 2025

*Filed via ECF System:*
Circuit Court of Jackson County

> Re:    Hold Service on All Parties

Dear Clerk,

This letter is to inform you that we would like to hold service on all parties at this time. We will file service instructions at a later date should service be needed.

Sincerely.

**THE POPHAM LAW FIRM**

*/s/: Paul D. Anderson*

Paul D. Anderson
Attorney

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

CHRISTOPHER VICK, et al., individually and
on behalf of all others similarly situated,

    Plaintiff,

    Case No. 2516-CV18924

FRESH GREEN, LLC, et al., and JOHN DOE
DISPENSARIES 1-215,

    Defendants.

## MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS INSTRUCTIONS FOR SUMMONS

_____Private Process          \_\_X\_\_ Email to Counsel for Defendant

Issue Summons to Defendant:

Fresh Green LLC

***Serve to:***    Registered Agent:
           Robert Sullivan
           3004 SW Coachlight Place
           Lee's Summit, MO 64081

Respectfully submitted by:

**THE POPHAM LAW FIRM, PC**

*/s/ Thomas J. Porto*

Thomas J. Porto, MO #59716
712 Broadway, Suite 100
Kansas City, Missouri 64105
Telephone: (816) 512-2617

Facsimile: (816) 221-3999
tporto@pophamlaw.com

**ATTORNEY FOR PLAINTIFFS**

Electronically Filed - JACKSON - INDEPENDENCE - June 20, 2025 - 09:03 AM

Electronically Filed - JACKSON - INDEPENDENCE - June 20, 2025 - 09:03 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

CHRISTOPHER VICK, et al., individually and
on behalf of all others similarly situated,

    Plaintiff,

                              Case No. 2516-CV18924

FRESH GREEN, LLC, et al., and JOHN DOE
DISPENSARIES 1-215,

    Defendants.

**MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS
INSTRUCTIONS FOR SUMMONS**

_____Private Process                             \_\_X\_\_ Email to Counsel for Defendant

Issue Summons to Defendant:

Vertical Enterprise, LLC

***Serve to:***     Registered Agent:
                Christopher McHugh
                926 Cherry Street
                Kansas City, MO 64106

                                    Respectfully submitted by:

                                    **THE POPHAM LAW FIRM, PC**

                                    */s/ Thomas J. Porto*

                                    Thomas J. Porto, MO #59716
                                    712 Broadway, Suite 100
                                    Kansas City, Missouri 64105
                                    Telephone: (816) 512-2617

Facsimile: (816) 221-3999
tporto@pophamlaw.com

**ATTORNEY FOR PLAINTIFFS**

Electronically Filed - JACKSON - INDEPENDENCE - June 20, 2025 - 09:03 AM

Electronically Filed - JACKSON - INDEPENDENCE - June 20, 2025 - 09:03 AM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☐ AT KANSAS CITY ☒ AT INDEPENDENCE

**RE**: VICK, ET AL V. FRESH GREEN LLC, ET AL.
**CASE NO:** 2516-CV18924

**TO:** PAUL DOUGLAS ANDERSON
712 BROADWAY BLVD
#100
KANSAS CITY, MO 64105

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>06-20-25</u>. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:** **To process your summons you will need to give service instructions. Thank you 816-881-1710**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**<u>If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.</u>**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed JUNE 27, 2025 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

JUNE 27, 2025
_____
Date

By _Mary Proper_
Deputy Clerk
☐ 415 East 12th St., Kansas City, Missouri 64106
☒ 308 W. Kansas, Independence, Missouri 64050

# THE POPHAM LAW FIRM, P.C.

**PARTNERS**

WM. DIRK VANDEVER

DENNIS E. EGAN

MARK SCHLOEGEL**

SINCE 1918
712 BROADWAY, SUITE 100
KANSAS CITY, MISSOURI 64105
(816) 221-2288
FACSIMILE (816) 221-3999
popham@pophamlaw.com
online: www.pophamlaw.com

**PARTNERS**

THOMAS J. PORTO*

COOPER MACH*

PAUL D. ANDERSON

*ADMITTED IN MISSOURI AND KANSAS  **ADMITTED IN MISSOURI, KANSAS, AND COLORADO

June 30, 2025

Circuit Court of Jackson County
Via ECF Filing

     Re:    2516-CV18924
             Issuance of Summonses

Dear clerk,

    Summons instructions were filed for Fresh Green, LLC and Vertical Enterprise, LLC on June 20, 2025. Please enter a summons for Fresh Green, LLC and Vertical Enterprise, LLC in the above-referenced matter. Defense counsel for each Defendant has agreed to accept service via e-mail.

                Sincerely,

                **THE POPHAM LAW FIRM**

                */s/: Paul D. Anderson*

                Paul D. Anderson
                Attorney

Electronically Filed - JACKSON - INDEPENDENCE - June 30, 2025 - 03:16 PM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARTY WAYNE SEATON | Case Number: 2516-CV18924 |
| Plaintiff/Petitioner:<br>CHRISTOPHER VICK | Plaintiff's/Petitioner's Attorney/Address<br>PAUL DOUGLAS ANDERSON<br>712 BROADWAY BLVD<br>#100 |
| vs. | KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br> FRESH GREEN, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** **FRESH GREEN, LLC**
**Alias:**

**3004 SW COACHLIGHT PLACE**
**LEE'S SUMMIT, MO 64081**

# FOR ENTRY

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

02-JUL-2025
Date

_____ Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                                                          Notary Public

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARTY WAYNE SEATON | Case Number: 2516-CV18924 |
| Plaintiff/Petitioner:<br>CHRISTOPHER VICK | Plaintiff's/Petitioner's Attorney/Address<br>PAUL DOUGLAS ANDERSON<br>712 BROADWAY BLVD<br>#100 |
| vs. | KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br> FRESH GREEN, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** **VERTICAL ENTERPRISE, LLC**
               **Alias:**

**926 CHERRY STREET**
**KANSAS CITY, MO  64106**

# FOR ENTRY

*COURT SEAL OF*

*JACKSON COUNTY*

      **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

<u>02-JUL-2025</u>
Date

_____ Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
    Printed Name of Sheriff or Server                  Signature of Sheriff or Server

*(Seal)*      **Must be sworn before a notary public if not served by an authorized officer:**

     Subscribed and sworn to before me on _____ (date).

     My commission expires: _____     _____
                            Date                      Notary Public

---

**Sheriff's Fees**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

Christopher Vick and Bridget Biersmith, )
individually and on behalf of all others similarly )
situated, )
                 )
          Plaintiff, )
                 ) Case No. 2516-CV18924
vs. )
                 )
Fresh Green, LLC, Vertical Enterprise, LLC and )
John Doe Dispensaries 1-215, )
                 )
          Defendants.

## <u>ENTRY OF APPEARANCE</u>

COMES NOW Attorney Eric M. Walter of Armstrong Teasdale LLP, and enters his

appearance on behalf of Defendant Vertical Enterprise, LLC.

**ARMSTRONG TEASDALE LLP**

BY: <u>*/s/ Eric M. Walter*</u>
      Eric M. Walter              #47297
      Paul L. Brusati            #67975
      Nicholas D. Slovikoski    #73019
      7700 Forsyth Blvd., Suite 1800
      St. Louis, Missouri 63105
      (314) 621-5070
      (314) 621-5065 (facsimile)
      ewalter@atllp.com
      pbrusati@atllp.com
      nslovikoski@atllp.com

      ATTORNEYS FOR DEFENDANT
      VERTICAL ENTERPRISE, LLC

Electronically Filed - JACKSON - INDEPENDENCE - July 15, 2025 - 05:00 PM

Electronically Filed - JACKSON - INDEPENDENCE - July 15, 2025 - 05:00 PM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via the courts electronic filing system on this 15th day of July, 2025.

___/s/ Eric M. Walter_____

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

Christopher Vick and Bridget Biersmith,    )
individually and on behalf of all others similarly )
situated,                                 )
                                     )
          Plaintiff,              )
                                  )  Case No. 2516-CV18924
vs.                                 )
                                  )
Fresh Green, LLC, Vertical Enterprise, LLC and )
John Doe Dispensaries 1-215,          )
                                  )
          Defendants.

**ENTRY OF APPEARANCE**

       COMES NOW Attorney Nicholas D. Slovikoski of Armstrong Teasdale LLP, and enters

his appearance on behalf of Defendant Vertical Enterprise, LLC.

                            **ARMSTRONG TEASDALE LLP**

                            BY:   */s/ Nicholas D. Slovikoski* _____
                                  Eric M. Walter            #47297
                                  Paul L. Brusati           #67975
                                  Nicholas D. Slovikoski    #73019
                                  7700 Forsyth Blvd., Suite 1800
                                  St. Louis, Missouri 63105
                                  (314) 621-5070
                                  (314) 621-5065 (facsimile)
                                  ewalter@atllp.com
                                  pbrusati@atllp.com
                                  nslovikoski@atllp.com

                                ATTORNEYS FOR DEFENDANT
                                VERTICAL ENTERPRISE, LLC

1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent

via the courts electronic filing system on this 15th day of July, 2025.


_/s/ Nicholas D. Slovikoski_____

2

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

Christopher Vick and Bridget Biersmith, )
individually and on behalf of all others similarly )
situated, )
                                  )
             Plaintiff, )
                                  )    Case No. 2516-CV18924
vs. )
                                  )
Fresh Green, LLC, Vertical Enterprise, LLC and )
John Doe Dispensaries 1-215, )
                                  )
             Defendants.

**ENTRY OF APPEARANCE**

COMES NOW Attorney Paul L. Brusati of Armstrong Teasdale LLP, and enters his

appearance on behalf of Defendant Vertical Enterprise, LLC.

                                                      **ARMSTRONG TEASDALE LLP**

                                         BY:   */s/ Paul L. Brusati*_____

                                                   Eric M. Walter              #47297
                                                       Paul L. Brusati            #67975
                                                          Nicholas D. Slovikoski      #73019
                                                    7700 Forsyth Blvd., Suite 1800
                                                    St. Louis, Missouri 63105
                                                    (314) 621-5070
                                                    (314) 621-5065 (facsimile)
                                                    ewalter@atllp.com
                                                    pbrusati@atllp.com
                                                    nslovikoski@atllp.com

                                                    ATTORNEYS FOR DEFENDANT
                                                    VERTICAL ENTERPRISE, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent

via the courts electronic filing system on this 15th day of July, 2025.

_/s/ Paul L. Brusati_

Electronically Filed - JACKSON - INDEPENDENCE - July 15, 2025 - 04:53 PM

Electronically Filed - JACKSON - INDEPENDENCE - July 16, 2025 - 09:35 AM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>MARTY WAYNE SEATON | Case Number: 2516-CV18924 |
|---|---|
| Plaintiff's/Petitioner:<br>CHRISTOPHER VICK | Plaintiff's/Petitioner's Attorney/Address<br>PAUL DOUGLAS ANDERSON<br>712 BROADWAY BLVD<br>#100<br>KANSAS CITY, MO 64105 |
| vs. | |
| Defendant/Respondent:<br>FRESH GREEN, LLC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: VERTICAL ENTERPRISE, LLC
Alias:

926 CHERRY STREET
KANSAS CITY, MO 64106

# FOR ENTRY

**COURT SEAL OF**

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

02-JUL-2025
Date

Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).

☒ other Email service accepted by defense counsel for Vertical Enterprises

Served at via email _____ (address)

in Jackson County (County/City of St. Louis), MO, on 7/8/25 (date) at _____ (time).

Paul Anderson
Printed Name of Sheriff or Server

Paul Anderson
Signature of Sheriff or Server

*(Seal)*

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on 7/8/25 (date).

My commission expires: 12/8/25
Date

Notary Public

BRANDY COOK
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES DECEMBER 8, 2025
CASS COUNTY
COMMISSION #14114725

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - JACKSON - INDEPENDENCE - August 07, 2025 - 11:58 AM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| CHRISTOPHER VICK AND BRIDGET BIERSMITH, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>FRESH GREEN, LLC; VERTICAL ENTERPRISE, LLC; AND JOHN DOE DISPENSARIES 1-215, )<br><br>Defendants. ) | Case No. 2516-CV18924 |

**Consented to Motion to Extend Time to Respond to Petition**

Vertical Enterprise, LLC asks the Court for a 14-day extension, through August 21, 2025, to respond to the Plaintiffs' petition.

1.     On July 8, 2025, counsel for Vertical accepted service of the summons and petition by email in exchange for an agreement that Vertical's response would be due by August 7, 2025.

2.     On August 6, 2025, Vertical's counsel asked Plaintiffs' counsel whether they would consent to an additional 14-day extension. Plaintiffs' counsel confirmed they would consent to such an extension and authorized us to represent that to the Court.

WHEREFORE, Vertical now respectfully moves for an extension through August 21, 2025, to file its response.

1

Electronically Filed - JACKSON - INDEPENDENCE - August 07, 2025 - 11:58 AM

s/ *Paul Brusati*

| | |
|---|---|
| Eric M. Walter | #47297 |
| Paul Brusati | #67975 |
| Nicholas D. Slovikoski | #73019 |

ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105 *and*
2345 Grand Blvd Ste 1500, Kansas
City, MO 64108
(314) 621-5070
(314) 621-5065 (facsimile)
ewalter@atllp.com
pbrusati@atllp.com
nslovikoski@atllp.com

ATTORNEYS FOR DEFENDANT
VERTICAL ENTERPRISE, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing document was sent to all served parties via the courts electronic

filing system on August 7, 2025.

s/ *Paul Brusati*

2

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

CHRISTOPHER VICK, et al.,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

FRESH GREEN, LLC, et al., and JOHN
DOE DISPENSARIES 1-215,

    Defendants.

Case No. 2516-CV1892

Div. 10

JURY TRIAL DEMANDED

**FIRST AMENDED CLASS ACTION PETITION**

COMES NOW Plaintiffs Christopher Vick, Bridget Biersmith, Ryan Russell, Joshua Holman, and Jordan Damewood, individually and on behalf of all others similarly situated, by and through undersigned counsel, and for their Class Action Petition against Defendants state as follows:

**NATURE OF THE CASE**

1.     This case challenges the unlawful and unconstitutional collection of a 3% county sales tax on adult-use marijuana transactions that occurred within municipalities which had separately enacted and imposed their own 3% marijuana sales tax. In *Robust Missouri Dispensary 3, LLC v. St. Louis County, Missouri, et al.*, No. SC100898, the Missouri Supreme Court unequivocally held that Article XIV, Section 2.6(5) of the Missouri Constitution authorizes *either* a county *or* a municipality—but not both—to impose a sales tax on retail sales of adult-use marijuana, and only if the dispensary is located within its jurisdiction and the tax was approved by voters. Yet, in disregard of this

1

limitation, Defendant marijuana dispensaries collected and remitted both taxes, unlawfully overcharging consumers across the State. Plaintiffs, as members of the public who were charged this illegal tax, bring this class action to recover the overcharges and secure relief under Missouri law. Although the Defendant dispensaries collected and remitted the unlawful county taxes to the Missouri Department of Revenue ("MDOR"), they have not yet been refunded any portion of those unconstitutional overcharges. Plaintiffs do not seek to compel MDOR to issue such refunds in this action. Rather, Plaintiffs seek equitable relief to preserve the rights of those purchasers from whom the unlawful taxes were collected. Specifically, Plaintiffs seek to ensure that any funds ultimately returned by the State are not wrongfully retained by dispensaries and that purchasers are not denied restitution based on the dispensaries' procedural failure to refund them. Without judicial intervention, the constitutional protections announced by the Missouri Supreme Court will be rendered meaningless for the very citizens they were intended to protect.

2.      As Judge Michael A. Wolff emphasized in his concurring opinion in *Shelter Mut. Ins. Co. v. Director of Revenue*, "[t]axpayers who collect sales tax from customers hold those taxes in trust for the state and are obligated to return unlawfully collected taxes to those customers once refunded by the Department of Revenue." 107 S.W.3d 919, 924 (Mo. 2003). This equitable obligation exists independently of any statutory mandate and arises from the fiduciary nature of the tax collection relationship. Although the Department of Revenue has not yet issued refunds to the dispensaries, Plaintiffs seek equitable relief to preserve the rights of consumers and to ensure that any such funds ultimately returned by

2

the Department are not unjustly retained by the Defendant dispensaries in violation of their fiduciary duty to their customers.

3. Plaintiffs therefore assert claims for unjust enrichment, money had and received, violations of the Missouri Merchandising Practices Act ("MMPA"), declaratory and injunctive relief, constructive trust, and accounting.

## THE PARTIES

4. Plaintiff Christopher Vick is a resident of Jackson County, Missouri, and purchased marijuana products from Defendant Fresh Green, LLC on or around December 16, 2023, March 21, 2024, and September 17, 2024, paying the 3% unconstitutional sales tax.

5. Plaintiff Bridget Biersmith is a resident of Jackson County, Missouri, and purchased marijuana products from Defendant Vertical Enterprise, LLC on or around May 21, 2025, paying the 3% unconstitutional sales tax.

6. Plaintiff Ryan Russell is a resident of Clay County, Missouri, and purchased marijuana products from Defendant OXD 19341, LLC (aka, From the Earth Dispensary) on or around October 2024, paying the 3% unconstitutional sales tax. Additionally, Plaintiff Russell purchased marijuana products from Defendant DB Health Retail 3, LLC (aka, Flora Farms) on or around May 3, 2025, and May 16, 2025, paying the 3% unconstitutional sales tax.

7. Plaintiff Joshua Holman is a resident of Boone County, Missouri, and purchased marijuana products from Defendant BBMO 3, LLC (aka, Hippos Marijuana Dispensary) on or around June 10, 2025, paying the 3% unconstitutional sales tax.

Electronically Filed - JACKSON - INDEPENDENCE - August 20, 2025 - 05:26 PM

8.     Plaintiff Jordan Damewood is a resident of Phelps County, Missouri, and purchased marijuana products from Defendant Grassroots OpCo MO, LLC (aka, Green Light Dispensary) on or around June 18, 2025, paying the 3% unconstitutional sales tax. Plaintiff Damewood also purchased marijuana products from Defendant Nature's Health and Wellness, LLC (aka, Trinity) on or around April 11, 2025, paying the 3% unconstitutional sales tax.

9.     Defendant Fresh Green, LLC is a Missouri-licensed retail marijuana dispensary operating in Jackson County, Missouri, located at 7130 Wornall Road, Kansas City, Missouri 64114.

10.     Defendant Vertical Enterprise, LLC is a Missouri-licensed retail marijuana dispensary operating in Buchanan County, Missouri, located at 908 N. Belt Hwy, St. Joseph, Missouri 6506.

11.     Defendant OXD 19341, LLC is a Missouri-licensed retail marijuana dispensary operating in Jackson County, Missouri, located at 19341 E US Highway 40, Independence, Missouri 64055.

12.     Defendant BD Health Retail 3, LLC is a Missouri-licensed retail marijuana dispensary operating in Jackson County, Missouri, located at 510 SW 3rd St., Lee's Summit, Missouri 64030.

13.     Defendant BBMO 3, LLC is a Missouri-licensed retail marijuana dispensary operating in Boone County, Missouri, located at 2500 Broadway Bluffs Dr. #102, Columbia, Missouri 65201.

4

14. Defendant Grassroots OpCo MO, LLC is a Missouri-licensed retail marijuana dispensary operating in Taney County, Missouri, located at 201 S. Wildwood, Dr., Branson, Missouri 65616.

15. Defendant Nature's Health and Wellness, LLC is a Missouri-licensed retail marijuana dispensary operating in Phelps County, Missouri, located at 205 State Route B, Saint James, Missouri 65559.

16. John Doe Dispensaries 1-215 are other dispensaries in Missouri that collected the unconstitutional tax and may receive or retain refunds of those funds.

17. Collectively, defendant dispensaries (the "Defendant Class") all acted the same by collecting the 3% sales tax.

## JURISDICTION AND VENUE

18. This Court has jurisdiction pursuant to Mo. Const. art. V, § 14 and RSMo § 478.070.

19. Venue is proper under RSMo § 508.010.4 because this action alleges a tort in which Plaintiff Christopher Vick was first injured in Jackson County, Missouri by the acts or conduct alleged herein.

## FACTUAL ALLEGATIONS

20. Defendant dispensaries are licensed retailers of marijuana products in the state of Missouri.

21. At all relevant times, the Defendant dispensaries charged a 3% county-wide sales tax on retail sales of adult-use marijuana to consumers, including Plaintiffs and members of the Plaintiff Class.

5

Electronically Filed - JACKSON - INDEPENDENCE - August 20, 2025 - 05:26 PM

22.     Plaintiffs, and each member of the Plaintiff Class, purchased adult-use marijuana products from one or more Defendant dispensaries and paid the 3% county-wide sales tax as part of the total purchase price.

23.     These taxes were collected by the Defendant dispensaries and remitted to the Missouri Department of Revenue.

24.     On July 22, 2025, the Missouri Supreme Court held that the imposition of a 3% county-wide sales tax on adult-use marijuana, in addition to a municipal sales tax on the same retail transaction, violated Article X, § 26(a) of the Missouri Constitution because it was not "authorized by law." The Court reasoned that Amendment 3, which legalized adult-use marijuana in Missouri, granted taxing authority to either a county or a municipality, but not both, and only if a dispensary is located within that jurisdiction and the tax is approved by voters. Accordingly, any 3% marijuana sales tax collected by Defendant dispensaries within municipalities that separately enacted their own 3% marijuana sales tax constitutes an unlawful double taxation.

25.     As a result of this ruling, the county-wide sales taxes collected from Plaintiffs and the Plaintiff Class were unlawful and constitute overcharges.

26.     Plaintiffs and the Plaintiff Class are entitled to restitution of the full amount of these overcharges, which the Defendant dispensaries unlawfully collected and remitted to the Department of Revenue.

27.     Plaintiffs bring this action to seek equitable relief and recovery of those unlawfully collected taxes, to the extent they are refunded by the Department of Revenue or otherwise retained by the Defendant dispensaries.

6

## CLASS ACTION ALLEGATIONS

### Plaintiff Class Allegations

28. Plaintiffs bring this action on behalf of a class defined as:

All persons who, during the period from December 8, 2022 to the present, purchased adult-use marijuana from any Defendant Dispensary in the state of Missouri and were charged and paid a 3% county-wide sales tax that has been held unconstitutional by the Missouri Supreme Court..

Excluded from the Plaintiff Class are any Defendant and any parent, affiliate, subsidiary, or entity in which any Defendant has controlling interest; any officer director, employee, legal representative, heir, successor, or assign of any Defendant; the judge assigned to this case and members of the judge's immediate family; Class counsel and their employees, partners, and immediate family members.

29. The Plaintiff Class consists of thousands of consumers across Missouri who purchased adult-use marijuana from Missouri-licensed dispensaries and were charged a 3% county-wide sales tax on those purchases. The class is so numerous that joinder of all individual plaintiffs would be impracticable.

30. There are common questions of law and fact that predominate over any questions affecting only individual members. These common issues include, but are not limited to:

    a. Whether the 3% county tax was unlawfully collected;

    b. Whether the Defendant Class collected and remitted this tax;

    c. Whether Plaintiff Class members are entitled to restitution of the amounts paid;

    d. Whether Defendants have a duty to return any refunds received from the Missouri Department of Revenue;

    e. Whether Defendants violated the MMPA;

f. The proper method for equitably distributing refunds or restitution among Plaintiff Class members; and

g. Whether Defendants were unjustly enriched by collecting or retaining the tax.

31. The claims of the named Plaintiffs are typical of the claims of the class as a whole. Like all class members, Plaintiffs were charged and paid the 3% county-wide sales tax on a qualifying purchase of adult-use marijuana from a Missouri dispensary.

32. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no conflicts of interest with other members of the Plaintiff Class and have retained experienced counsel who will vigorously represent the class's interest.

33. Class certification is appropriate under Rule 52.08(b)(1)(A) and (B) because prosecuting separate actions would create a risk of inconsistent adjudications and would impair or impede the ability of class members to protect their interests. This action also seeks relief from a common fund—the tax refunds held or to be obtained by Defendant dispensaries from the Missouri Department of Revenue—making class treatment necessary and appropriate.

34. A class action is superior to other methods for fairly and efficiently adjudicating this controversy. *See Hale v. Wal-Mart Stores, Inc.*, 231 S.W.3d 215, 222 (Mo. App. 2007) (class action proper where common issues predominate and class treatment superior to other methods). The amounts at stake for individual class members are small relative to the costs of prosecuting individual actions, and class treatment will ensure that relief is distributed equitably and consistently.

Electronically Filed - JACKSON - INDEPENDENCE - August 20, 2025 - 05:26 PM

35.     The Plaintiff Class is readily ascertainable from Defendants' transactional records, including receipts, point-of-sale data, and purchase logs, which show which customers paid the challenged 3% county-wide sales tax on adult-use marijuana.

**Defendant Class Allegations**

36.     There are over 200 state-licensed marijuana dispensaries operating in Missouri. The proposed Defendant Class consists of all such dispensaries that collected and remitted a 3% county-wide tax on retail sales of adult-use marijuana. Because of the large number of such entities, joinder of all individual defendants is impracticable.

37.     The Defendant Class is so numerous that it satisfies the numerosity requirement, making class certification appropriate.

38.     All members of the Defendant Class are alleged to have participated in the same conduct—collecting and remitting a 3% county tax that was later declared unconstitutional. Each dispensary's conduct in collecting the tax occurred under materially identical legal conditions and statutory authority. As such, there are questions of law and fact common to all members of the Defendant Class, including:

  a.  Whether the 3% county tax was unlawfully collected;

  b.  Whether Defendants are obligated to refund or return those amounts;

  c.  Whether Defendants should hold such funds in constructive trust for consumers; and

  d.  Whether refunds issued by the Missouri Department of Revenue must be distributed to the consumers from whom the tax was originally collected.

39.     Any defenses asserted by the named Defendants would likewise be typical of the defenses available to other members of the Defendant Class, satisfying the typicality requirement of Rule 52.08.

40.     Defendant Vertical Enterprise, LLC, Defendant Fresh Green, LLC, Defendant OXD 19341, LLC, Defendant DB Health Retail 3, LLC, Defendant BBMO 3, LLC, Defendant Grassroots OpCo MO, LLC, and Defendant Nature's Health and Wellness, LLC, are members of the proposed Defendant Class and have interests that are aligned with those of the class as a whole. These Defendants will fairly and adequately protect the interests of the Defendant Class and are represented by competent counsel experienced in class action litigation, thereby satisfying the adequacy requirement.

41.     Certification of the Defendant Class is appropriate under Rule 52.08(b)(1) because prosecuting separate actions would create a risk of inconsistent adjudications. Certification is also proper under Rule 52.08(b)(2) because final declaratory and injunctive relief is sought with respect to the Defendant Class as a whole, including relief that would determine the rights and obligations of the class as to Plaintiffs' claims for restitution, disgorgement, and refund allocation.

42.     The claims at issue relate to centralized tax collection and refund processes that can only be addressed effectively through a class-wide resolution. Absent certification of the Defendant Class, a piecemeal approach to litigation would frustrate the efficient administration of justice and risk conflicting judgments concerning the appropriate disposition of tax refunds received from the Department of Revenue.

10

**COUNT I**
**UNJUST ENRICHMENT**

43.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

44.     Defendants collected an unlawful 3% county-wide sales tax from Plaintiffs and members of the Plaintiff Class in connection with the sale of adult-use marijuana.

45.     The collection of this 3% tax was not authorized by the Missouri Constitution or any valid statute or ordinance and has been declared unconstitutional and void.

46.     Plaintiffs and the Plaintiff Class conferred a benefit on Defendants by paying these overcharges, which Defendants accepted and retained.

47.     Defendants retained the benefit of these overcharges under circumstances that make it unjust and inequitable for them to do so, particularly given that the payments were obtained through an unlawful tax and at the direct expense of Plaintiffs and the Class.

48.     Defendants have been unjustly enriched at the expense of Plaintiffs and the Plaintiff Class.

49.     Plaintiffs and the Class are entitled to restitution in the amount of the unjust enrichment retained by Defendants, including all amounts collected through the unlawful 3% tax.

**COUNT II**
**MONEY HAD AND RECEIVED**

50.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

11

51. Plaintiffs and members of the Plaintiff Class conferred money upon Defendants in the form of payments for adult-use marijuana purchases, which included an additional 3% county-wide tax unlawfully collected at the point of sale.

52. The 3% tax charged and collected by Defendants was not authorized by the Missouri Constitution, statute, or any lawful ordinance, and has since been declared unconstitutional and invalid.

53. The tax was collected by Defendants for their own benefit or on behalf of the State and/or local governments but was nonetheless paid by Plaintiffs and the Plaintiff Class from their own funds.

54. Defendants have no legal or equitable right to retain these unlawfully collected funds, and their continued possession of such funds constitutes unjust enrichment.

55. Under the principles of equity and good conscience, Defendants should not be permitted to retain the money paid by Plaintiffs and the Plaintiff Class for an unlawful and unconstitutional tax.

56. Plaintiffs and the Plaintiff Class are entitled to restitution in the amount of the overcharges collected and retained by Defendants. *See Ward v. Luck*, 242 S.W.3d 473, 476 (Mo. App. 2008).

## COUNT III
## VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

57. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

12

58. The Missouri Merchandising Practices Act ("MMPA"), § 407.010 et seq., RSMo., prohibits the use of deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

59. At all relevant times, Defendants were engaged in trade or commerce by operating marijuana dispensaries and selling adult-use marijuana to consumers in the state of Missouri, including to Plaintiffs and the members of the Plaintiff Class.

60. Plaintiffs and the members of the Plaintiff Class are "persons" and "consumers" within the meaning of the MMPA who purchased "merchandise" as defined in § 407.010, RSMo.

61. Defendants represented that a 3% county-wide sales tax was properly due on retail purchases of adult-use marijuana. This representation was false and misleading.

62. Defendants' collection of this unauthorized 3% tax was deceptive, unfair, and constituted an unlawful practice under the MMPA because:

   a. the tax was not authorized by the Missouri Constitution or any lawful ordinance;

   b. Defendants failed to disclose that the tax was being collected unlawfully;

   c. Defendants concealed or suppressed the true nature of the charge; and

   d. Plaintiffs and the Class were misled into believing that the 3% tax was valid and lawfully imposed.

13

63.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the members of the Class suffered ascertainable loss, including the payment of unlawful taxes at the point of sale.

64.     Plaintiffs and the Class seek all remedies available under the MMPA, including:

     a.  actual damages;

     b.  punitive damages;

     c.  injunctive relief prohibiting further unlawful conduct;

     d.  attorneys' fees and costs; and

     e.  any other relief deemed just and proper.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

65.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

66.     Defendants collected a 3% county-wide sales tax on the sale of adult-use marijuana from Plaintiffs and the Plaintiff Class which has been declared unconstitutional and unauthorized under Missouri law.

67.     Plaintiffs seek a declaration from this Court that the 3% county-wide tax collected by Defendants was unlawful, and that the amounts collected belonged to the purchasers and must be returned to them.

14

68. Plaintiffs further seek a declaration that any funds refunded or credited by the Missouri Department of Revenue to Defendants that were originally paid by purchasers as part of this unlawful tax must be held in trust for the benefit of those purchasers.

69. Plaintiffs also seek an order enjoining Defendants from retaining, using, or disposing of any such refunded funds without first distributing them to the Plaintiffs and the Plaintiff Class under Court supervision.

70. Plaintiffs are entitled to declaratory and injunctive relief pursuant to Mo. Ann. Stat. § 527.010 and Rule 92 of the Missouri Rules of Civil Procedure and applicable equitable principles to ensure the preservation and restitution of funds rightfully belonging to the Plaintiff Class.

71. Without such relief, Plaintiffs and the Class face a substantial risk of irreparable harm, including the risk that Defendants will retain and/or dissipate funds refunded to them by the Missouri Department of Revenue that are owed to Plaintiffs.

72. Plaintiffs have no adequate remedy at law and seek entry of appropriate declaratory and injunctive orders to protect their rights and ensure the equitable administration of any tax refunds obtained by Defendants.

## COUNT V
## <u>CONSTRUCTIVE TRUST</u>

73. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

74. Defendants collected from Plaintiffs and the Plaintiff Class a 3% county-wide sales tax on the retail sale of adult-use marijuana.

Electronically Filed - JACKSON - INDEPENDENCE - August 20, 2025 - 05:26 PM

75.     The 3% county-wide tax was unconstitutional and unlawfully imposed, and the tax amounts collected from Plaintiffs and the Class therefore constitute overcharges to which Defendants had no legal or equitable entitlement.

76.     Defendants remitted the unlawfully collected taxes to the Missouri Department of Revenue, and, upon information and belief, have filed or intend to file refund claims under R.S.Mo. § 144.190 seeking repayment of those funds.

77.     Any amounts refunded or credited by the Missouri Department of Revenue to Defendants in connection with the unconstitutional 3% county-wide marijuana tax are, in equity and good conscience, the property of Plaintiffs and the Class.

78.     Defendants would be unjustly enriched if permitted to retain, control, or dispose of any portion of the refunded tax overcharges without returning such funds to the consumers from whom they were unlawfully collected.

79.     Plaintiffs and the Class have no adequate remedy at law to ensure that such funds are returned to them, and seek the imposition of a constructive trust over all amounts refunded to Defendants by the Missouri Department of Revenue that arise from the 3% county-wide marijuana sales tax.

80.     Plaintiffs are entitled to an order imposing a constructive trust over any such refund or credit amounts, and requiring Defendants to hold such funds in trust for the benefit of Plaintiffs and the Class, and to account for and distribute those funds in a manner approved by the Court. *See Fix v. Fix*, 847 S.W.2d 762, 765 (Mo. 1993).

16

# COUNT VI
## ACCOUNTING

81.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

82.     Plaintiffs and the Plaintiff Class paid a 3% county-wide sales tax on purchases of adult-use marijuana products from the Defendant dispensaries.

83.     The 3% county-wide sales tax was not lawfully imposed and has been declared unconstitutional by the Missouri Supreme Court.

84.     Defendant dispensaries collected and remitted the unconstitutional 3% tax to the Missouri Department of Revenue.

85.     Plaintiffs and the Class have a vested equitable and legal interest in the tax monies wrongfully collected from them by Defendants.

86.     Upon information and belief, Defendants are pursuing, or will pursue, refund claims from the Missouri Department of Revenue pursuant to R.S.Mo. § 144.190, seeking repayment of the unlawfully collected county taxes.

87.     If and when the Missouri Department of Revenue issues such refunds, Defendants will be in possession of funds belonging, in equity and good conscience, to Plaintiffs and the Class.

88.     Plaintiffs are entitled to a full and accurate accounting from Defendants to determine:

        a.  The total amount of county sales tax collected by each Defendant from Class members;

17

b. The total amount of such tax each Defendant remitted to the Missouri Department of Revenue;

c. The amount of refund claims submitted by each Defendant to the Missouri Department of Revenue;

d. The amount of any refunds or credits issued or to be issued by the Missouri Department of Revenue to Defendants in connection with such tax collections; and

e. The disposition or intended disposition of any such refunds by Defendants.

89. Without a full and accurate accounting, Plaintiffs and the Class are unable to determine the scope of the funds wrongfully collected or the extent to which Defendants have been or will be unjustly enriched.

90. Plaintiffs respectfully request that the Court order Defendants to provide a full and complete accounting of all amounts collected, remitted, and refunded relating to the 3% county-wide tax on adult-use marijuana sales, and to identify all amounts subject to restitution to Plaintiffs and the Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Plaintiff Class defined herein, respectfully requests that the Court enter judgment in their favor and against the Defendant Class, and grant the following relief:

18

1. **Certification** of the Plaintiff Class and the Defendant Class pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure, including appointment of class representatives and class counsel;

2. **Declaratory Relief**, declaring that:

   - The 3% county-wide sales tax imposed and collected on adult-use marijuana purchases was unlawful and unconstitutional;

   - Plaintiffs and the Plaintiff Class are entitled to restitution of all such taxes paid;

   - Any tax refunds issued by the Missouri Department of Revenue to members of the Defendant Class on account of the unconstitutional tax are held in trust for the benefit of Plaintiffs and the Plaintiff Class;

3. **Injunctive Relief**, enjoining members of the Defendant Class from retaining or using any such refunded monies for any purpose other than to reimburse purchasers who paid the tax;

4. **Restitution**, in the form of disgorgement or other equitable relief, requiring members of the Defendant Class to return to Plaintiffs and the Plaintiff Class all amounts paid by them as county-level sales tax on adult-use marijuana transactions;

19

5. **Imposition of a Constructive Trust** over any funds already refunded or to be refunded to Defendant Class members by the Missouri Department of Revenue relating to the 3% county tax;

6. **An Order for an Accounting** to determine the total amount collected by each Defendant Class member from Plaintiff Class members and to trace the disposition of such funds;

7. **Monetary damages**, including damages for violations of the Missouri Merchandising Practices Act, unjust enrichment, and any other applicable cause of action, in an amount to be determined at trial;

8. **Pre-judgment and post-judgment interest** as permitted by law;

9. **An award of attorneys' fees, expenses, and costs** incurred in prosecuting this action, including pursuant to § 407.025 of the Missouri Merchandising Practices Act and other applicable law; and

10. **Such other and further relief** as the Court deems just, equitable, and proper under the circumstances.

Respectfully Submitted,

**THE POPHAM LAW FIRM, P.C.**
*/s/ Paul D. Anderson*
Paul D. Anderson, MO #65354
712 Broadway Blvd., #100
Kansas City, Missouri 64105
P: (816) 221-2288

20

F: (816) 221-3999
paul@pophamlaw.com

Andrew Schermerhorn, MO #62101
**KLAMANN & SCHERMERHORN, PA**
4435 Main Street, Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
ajs@klamannlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true copy of the foregoing was served upon all counsel of record via ECF on August 20, 2025.

*/s/ Paul D. Anderson*
ATTORNEY FOR PLAINTIFFS

Electronically Filed - JACKSON - INDEPENDENCE - August 20, 2025 - 05:26 PM

Electronically Filed - JACKSON - INDEPENDENCE - August 20, 2025 - 05:47 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

CHRISTOPHER VICK, et al., individually
and on behalf of all others similarly situated,

        Plaintiff,

FRESH GREEN, LLC, et al., and JOHN DOE
DISPENSARIES 1-215,

        Defendants.

Case No. 2516-CV1892

Div. 10

## ENTRY OF APPEARANCE

COMES NOW attorney Andrew Schermerhorn of Klamann & Schermerhorn, P.A., and

hereby enters his appearance in this case as additional counsel on behalf of Plaintiffs. Mr.

Schermerhorn is an attorney of good standing licensed to practice law in the State of Missouri.

Dated: August 20, 2025

Respectfully submitted,

KLAMANN & SCHERMERHORN, PA

By: /s/ *Andrew Schermerhorn*
Andrew Schermerhorn, MO 62101
4435 Main Street, Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
ajs@klamannlaw.com

Paul D. Anderson, MO 65354
THE POPHAM LAW FIRM, PC
712 Broadway Blvd., #100
Kansas City, Missouri 64105
P: (816) 221-2288
F: (816) 221-3999
paul@pophamlaw.com

ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

On August 20, 2025, a copy of the above and foregoing was filed via the court's electronic filing system and thereby served on all counsel of record.

<u>/s/ *Andrew Schermerhorn*</u>
**Attorney for Plaintiffs**

Electronically Filed - JACKSON - INDEPENDENCE - August 20, 2025 - 05:47 PM

Electronically Filed - JACKSON - INDEPENDENCE - August 21, 2025 - 12:39 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | |
|---|---|
| CHRISTOPHER VICK, et al., individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 2516-CV1892 |
| | Div. 10 |
| FRESH GREEN, LLC, et al., and JOHN DOE DISPENSARIES 1-215, | JURY TRIAL DEMANDED |
| Defendants. | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that *Plaintiff Bridget Biersmith's First Interrogatories and Requests for Admissions to Defendant Vertical Enterprise, LLC* and *Plaintiff's First Request for Production of Documents* were served on counsel of record, Eric Walter, for Defendant Vertical Enterprise, LLC on August 21, 2025.

Respectfully submitted by,

**THE POPHAM LAW FIRM, PC**

*/s/ Paul D. Anderson*
Paul D. Anderson, #65354
712 Broadway, Suite 100
Kansas City, Missouri 64105
T: (816) 221-2288
F: (816) 221-3999
tporto@pophamlaw.com
**ATTORNEY FOR PLAINTIFFS**

Andrew Schermerhorn, MO #62101
KLAMANN & SCHERMERHORN, PA
4435 Main Street, Suite 150

Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
ajs@klamannlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing was served upon all counsel of record via ECF on August 21, 2025.


*/s/ Paul D. Anderson*
ATTORNEY FOR PLAINTIFFS

Electronically Filed - JACKSON - INDEPENDENCE - August 29, 2025 - 11:31 AM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

CHRISTOPHER VICK AND BRIDGET BIERSMITH, individually and on behalf of all others similarly situated,

        Plaintiffs,

vs.

FRESH GREEN, LLC, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2516-CV18924

## Defendant Vertical Enterprise, LLC's
## Motion to Dismiss for Failure to State a Claim

The plaintiffs bring this putative class action on behalf of Missouri consumers who paid a county-imposed 3% local tax on adult-use marijuana sold within an incorporated city, town, or village. The Supreme Court of Missouri has since held that Missouri counties unconstitutionally imposed that tax, which the Department of Revenue required Missouri dispensaries to collect. The First Amended Petition names more than 200 dispensaries, seeking *punitive damages* against those dispensaries for collecting that tax at the register they were required by state and local law to collect.

To that end, the petition begins with a false premise: that dispensaries "disregarded" a constitutional limitation the Supreme Court interpreted only weeks ago, and which is not final, and "overcharged" customers. First Amended Petition ¶¶ 1–2 (citing *Robust Missouri Dispensary 3 v. St. Louis Cnty.*, No. SC 100898, 2025 WL 2053566, at *8 (Mo banc Jul. 22, 2025)). Following the plaintiffs' reasoning, dispensaries acted unlawfully every time they collected this tax from a customer,

1

even though state law and county ordinances *required* them to collect and remit it, and despite the tax just being declared unlawful by the Supreme Court on July 22, 2025.

But the irony runs deeper. The case that produced the Supreme Court's ruling against county taxes in incorporated areas *was brought by a Missouri dispensary*. *See Robust Missouri Dispensary 3*, 2025 WL 2053566, at *8. The Supreme Court remanded the case, ordering the trial court to enter judgment for the dispensary and against St. Louis and St. Charles Counties, holding that Missouri counties (all of them) cannot impose taxes in incorporated areas. *Id.* That ruling ended the unconstitutional tax Missouri counties had implemented and that the Department of Revenue forced dispensaries to collect in incorporated municipalities. Dispensaries did not disregard constitutional limits, they followed the law at the time, and one dispensary secured the very protection the plaintiffs now claim. To cast the dispensaries actions as wrongful for obeying statutory commands shifts blame from the governments that created and enforced the tax.

Even setting aside this unfounded premise, the petition is premature and should be dismissed. First, the Supreme Court's decision is not final. Second, the plaintiffs admit dispensaries have not received, and may never receive, any refund of the challenged tax: "John Doe Dispensaries 1–215 are other dispensaries in Missouri that collected the unconstitutional tax and *may receive or retain* refunds of those funds." First Amended Petition ¶ 16 (emphasis added). They further admit that the dispensaries merely collected and remitted the tax as required by the counties and

2

do not even possess the funds they seek: "Although the Defendant dispensaries collected and remitted the unlawful county taxes to the Missouri Department of Revenue ("MDOR"), *they have not yet been refunded any portion of those unconstitutional overcharges.*" First Amended Petition ¶1 (emphasis added); *see also* ¶2 ("the Department of Revenue has not yet issued refunds to the dispensaries."). The pleading alleges no facts showing the defendants caused the plaintiffs any damages by collecting a tax they were legally required to collect.

Even if the dispensaries receiving refunds could support a claim for relief (which Vertical does not concede), the First Amended Petition admits the dispensaries have not been issued refunds. Instead, the allegations hinge on speculation that dispensaries "are pursuing, or will pursue," refunds and might retain them "if and when" money is returned. First Amended Petition ¶¶1–2, 16, 86–87. But "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). Speculation cannot support any of the six counts. Because the First Amended petition fails to allege facts stating any claim, this Court should dismiss it in its entirety under Rule 55.27(a)(6).

Electronically Filed - JACKSON - INDEPENDENCE - August 29, 2025 - 11:31 AM

### *Background and Factual Allegations*

On July 22, 2025, one month after the plaintiffs filed this action, the Supreme Court of Missouri held that counties may not impose a 3% county tax in incorporated areas under Article 14, Section 2 of the Missouri Constitution.[1] *See Robust Missouri Dispensary 3*, 2025 WL 2053566, at *1. The Supreme Court remanded the case for further proceedings. *Id*. at *8.

The Supreme Court's ruling in *Robust* is not final. St. Charles County has moved for rehearing, the Supreme Court has not ruled on that motion or issued its mandate (as of the date of this filing), and the circuit court has not entered judgment on remand. *See* SC100898. Until those steps occur, the decision remains subject to change.

Meanwhile, here, the petition alleges that the plaintiffs and the putative class purchased marijuana products and paid that now-unconstitutional 3% tax. First Amended Petition ¶¶4–8. It names seven Missouri dispensaries and 215 others (unnamed) that collected the tax. *Id*. ¶¶9–16. The petition states that the plaintiffs were charged an additional 3% sales tax "within municipalities which had separately enacted and imposed their own 3% marijuana sales tax," and that dispensaries collected the tax directly from consumers at the point of sale. *Id*. ¶¶1, 21. Critically,

---

[1] The Supreme Court found that Missouri counties are not precluded from imposing a tax on the sale of adult use marijuana in *unincorporated* areas. *Robust*, 2025 WL 2053566, at *7.

the plaintiffs make clear that the taxes were "remitted to the Missouri Department of Revenue." *Id.* ¶23.

The petition also admits that refunds of the tax have not been issued to the dispensaries. First Amended Petition ¶¶1–2. It alleges, including "on information and belief," that the dispensaries intend to seek refunds and retain such funds if and when they are issued." *Id.* ¶¶1–2, 76, 87. The plaintiffs seek restitution or constructive relief to "ensure that any funds ultimately returned by the State are not wrongfully retained by dispensaries." *Id.* ¶1. In other words, on the face of the petition, the defendants do not possess the funds that the plaintiffs' petition seeks.

The petition seeks class certification and pleads six counts. But each depends on multiple layers of conjecture about future events that may never happen: that refunds "will" or "may" be issued and that Defendants "may receive or retain" them "if and when" they are. Because the petition's own allegations contradict the essential elements of each count, none states a claim for relief.

**Argument**

**1. Rule 55.27(a)(6)'s failure to state a claim standard.**

A motion to dismiss for failure to state a claim under Rule 55.27(a)(6) tests whether the plaintiff has pleaded facts that satisfy the elements of a recognized cause of action. *Gruhn v. Schwermer*, 710 S.W.3d 103, 108 (Mo. App. 2025). To determine whether the petition states a claim, the court must consider "the elements of each of the causes of action to determine what facts needed to be alleged in order to sufficiently state a claim." *Id.* at 109.

Missouri is a fact-pleading state. *Branson's Nantucket, LLC v. Timeshare L. Off. LLC*, 708 S.W.3d 496, 504 (Mo. App. 2025). A petition must contain "a short and plain statement of the facts showing that the pleader is entitled to relief." *Id.* (quoting Rule 55.05). While a petition need only allege ultimate facts, not evidentiary details, it cannot rest on legal conclusions. *Id.* Courts disregard mere conclusions not backed by factual allegations when deciding whether a petition states a claim. *Id.*

Here, the six counts fail because none rests on facts that satisfy the essential elements of each cause of action. The Court should dismiss the First Amended Petition.

**2. Count I for unjust enrichment fails because the plaintiffs do not plead facts establishing the dispensaries accepted and retained a benefit.**

To plead unjust enrichment, the plaintiffs must allege (1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and *retained the benefit* under inequitable and/or unjust circumstances. *Binkley v. Am. Equity Mortgage, Inc.*, 447 S.W.3d 194, 199 (Mo. banc 2014) (emphasis added). That third element—retention—is "the most significant and the most difficult." *Exec. Bd. of Missouri Baptist Convention v. Windermere Baptist Conf. Ctr.*, 280 S.W.3d 678, 697 (Mo. App. 2009).

First, the petition concedes no benefit was accepted by the dispensaries. Rather, it admits that "the Defendant dispensaries collected *and remitted* the unlawful county taxes to the Missouri Department of Revenue" and that "*they have not yet been refunded any portion of those unconstitutional overcharges.*" First Amended Petition ¶ 1, 23, 26 (emphasis added). Thus, there is no allegation that any benefit was or has

6

been appreciated by the dispensaries; rather, it was ostensibly appreciated by the Department of Revenue.

Moreover, the petition only concludes (based on no factual allegations) that "Defendants accepted and retained" the tax and that "Defendants retained the benefit of these overcharges." First Amended Petition ¶¶46–47. That conclusory allegation contradicts the petition's earlier factual allegation that Defendants "have not yet been refunded any portion" of the taxes and that "the Department of Revenue has not yet issued refunds to dispensaries." First Amended Petition ¶1–2.

Although the plaintiffs allege the dispensaries "may receive or retain refunds" of the tax and claim "on information and belief" that Defendants intend to seek refunds in the first place (First Amended Petition ¶¶1-2, 16, 76), that claim only confirms that the defendants do not possess any of the money the plaintiffs' seek. Indeed, the petition states that the plaintiffs filed suit "to ensure that any funds *ultimately returned* by the State are not wrongfully retained." First Amended Petition ¶1-2 (emphasis added). That admission undercuts any suggestion that the defendants have retained a benefit at all.

With no factual allegations showing that the defendants have accepted and retained any benefit, Count I does not plead unjust enrichment. The Court should dismiss it.

3. **Count II for money had and received fails because the plaintiffs do not allege that defendants received or retained any money.**

A claim for money had and received requires that the defendants actually received or took possession of plaintiffs' money, retained a benefit, and did so

Electronically Filed - JACKSON - INDEPENDENCE - August 29, 2025 - 11:31 AM

unjustly. *Gerke v. City of Kansas City*, 493 S.W.3d 433, 438 (Mo. App. 2016). But the petition concedes that the unconstitutional tax refunds "have not yet" been issued to the dispensaries. First Amended Petition ¶1. It alleges no facts showing that the defendants caused any loss by the plaintiffs, that the defendants possess any of the sales tax dollars that the plaintiffs seek to recover, or that the defendants retained any benefit.

Instead, the petition speculates that Defendants (1) "may receive or retain refunds" in the future and (2) that they intend to retain such funds if and when they are issued. First Amended Petition ¶¶1, 16, 87. These hypothetical, speculative assertions do not state a claim for relief. They merely confirm that no defendant has received or retained any funds.

Because the petition fails to plead actual receipt or unjust retention of money, Count II should be dismissed.

### 4. Count III for MMPA violations fails because the plaintiffs plead no deceptive conduct and no ascertainable loss caused by Defendants.

To state a private claim under the Missouri Merchandising Practices Act (MMPA), a plaintiff must allege that (1) he purchased merchandise from defendants; (2) for personal, family, or household purposes; (3) suffered an ascertainable loss; and (4) that loss resulted from conduct made unlawful by the MMPA. *J.J. by and through C.W. v. Poplar Bluff Reg'l Med. Ctr.*, 675 S.W.3d 259, 266 (Mo. App. 2023). What is "unlawful" under the MMPA is the use of deception, misrepresentation, unfair practices, and the concealment, suppression, or omission of any material fact in

8

connection with the sale or advertisement of any merchandise in trade or commerce. *Id.* (citing § 407.020.1, RSMo.).

The petition alleges no deception, misrepresentation, or unfair practice by the dispensaries. Without alleging any facts saying how they did so, the petition states only that the dispensaries "represented" that the tax was proper (which, at the time, it was). First Amended Petition ¶61. But the plaintiffs do not claim the dispensaries concealed the tax, overstated the price, or misled consumers in any way. Nor do they allege the dispensaries could have defied the counties or the Director of Revenue by refusing to collect the 3% county tax. In fact, the case that ultimately led the Supreme Court to strike down the county tax was brought by a Missouri dispensary. *See Robust Missouri Dispensary 3*, 2025 WL 2053566, at *1. It is unreasonable to conclude that the dispensaries "misrepresented", "failed to disclose" or "concealed" the legality of a tax they were required by law to collect, before it was declared unlawful by the Supreme Court in the first place. In addition, the petition purports to impute pre-existing knowledge of the tax's illegality on the dispensaries. Even assuming that knowledge were proper, the same knowledge must also be imputed to the plaintiffs who are "conclusively presumed to know the law." *Stockman v. Schmidt*, 673 S.W.3d 100, 113 (Mo. App. 2023).

The plaintiffs also fail to allege an ascertainable loss caused by the defendants. Even if taxes paid voluntarily could be considered a "loss" (which Vertical disputes), the petition states that the dispensaries "have not yet" been issued any refunds. First Amended Petition ¶1. And it offers only speculation that the dispensaries may retain

9

Electronically Filed - JACKSON - INDEPENDENCE - August 29, 2025 - 11:31 AM

the refunds "if and when" they are issued. First Amended Petition ¶¶ 1–2, 87. This conditional future event does not satisfy the MMPA's causation requirement.

Because the plaintiffs plead no unlawful conduct and no actual loss caused by the defendants, Count III should be dismissed.

**5. Count IV for declaratory judgment and injunctive relief fails because the plaintiffs plead no ripe controversy, no protectible interest, and no justiciable claim.**

To state a claim for declaratory relief, the petition must allege (1) a justiciable controversy, (2) a legally protectible interest, and (3) a question ripe for judicial determination. *Camden County ex rel. Camden Cnty. Comm'n v. Lake of Ozarks Council of Loc. Governments*, 282 S.W.3d 850, 856 (Mo. App. 2009).

The petition pleads none of these elements. *See* First Amended Petition ¶¶65–72. Most critically, the petition does not allege a ripe or justiciable controversy. "A declaratory judgment is not a general panacea for all real and imaginary legal ills. It is not available to adjudicate hypothetical or speculative situations that may never come to pass." *Graves v. Mo. Dep't of Corr., Div. of Prob. & Parole*, 630 S.W.3d 769, 773 (Mo. banc 2021). "In a declaratory judgment action, [we] will not 'adjudicate hypothetical or speculative situations that may never come to pass.'" *West Central Mo. Region Lodge #50 of Fraternal Order of Police v. City of Grandview*, 460 S.W.3d 425, 443 (Mo. App. 2015) (alteration in original) (quoting *Schweich v. Nixon*, 408 S.W.3d 769, 778 (Mo. banc 2013)).

The petition rests on speculation. It admits that no refunds have been issued and does not allege that any defendant-dispensary has actually sought or received one. It speculates that "if and when" refunds are issued, dispensaries may retain them. That

Electronically Filed - JACKSON - INDEPENDENCE - August 29, 2025 - 11:31 AM

hypothetical future scenario does not present a ripe or justiciable dispute "ready for judicial determination." *Camden County*, 282 S.W.3d at 856.

The Court should dismiss Count IV.

**6.      Count V fails because a constructive trust is a remedy, not a cause of action, and the plaintiffs have no viable underlying claim.**

A constructive trust is a remedy, not a standalone cause of action: "A constructive trust is an equitable device employed by courts of equity to remedy a situation where a party has been wrongfully deprived of some right, title or interest in property as a result of fraud or violation of confidence or faith reposed in another." *Lynch v. Lynch*, 260 S.W.3d 834, 837 (Mo. banc 2008).

Because plaintiffs have not pleaded any viable underlying claim like fraud, unjust enrichment, money had and received, or violation of the MMPA, there is no basis for imposing a constructive trust.

The Court should dismiss Count V.

**7.      Count VI fails because the plaintiffs plead none of the elements required for equitable accounting.**

To invoke the Court's equitable jurisdiction for an accounting, a plaintiff must allege (1) the need for discovery, (2) the complexity of the accounts, (3) a fiduciary or trust relationship, and (4) the inadequacy of legal remedies. *Shaner v. Sys. Integrators, Inc.*, 63 S.W.3d 674, 677 (Mo. App. 2001). A fiduciary relationship is "the most critical element." *Id.* The petition pleads no facts showing a fiduciary relationship between the plaintiffs and the dispensaries. *See Denney v. Syberg's Westport, Inc.*, 665 S.W.3d 348, 353 n.2 (Mo. App. 2023) (A "concurring opinion is not

11

law."). Nor does the petition allege that the accounts are complex or that legal remedies are inadequate.

The Court should dismiss Count VI.

### Conclusion

The petition rests on future events that may never happen. It admits that no refunds have issued and that any future refunds are uncertain. It is premature. Without allegations showing present entitlement to relief, the petition fails under Missouri's fact-pleading standard. The Court should dismiss the First Amended Petition.

By: s/ *Paul Brusati*

Eric M. Walter      #47297
Paul Brusati      #67975
Nicholas D. Slovikoski   #73019
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105 and
2345 Grand Blvd Ste 1500, Kansas City, MO 64108
(314) 621-5070
(314) 621-5065 (facsimile)
ewalter@atllp.com
pbrusati@atllp.com
nslovikoski@atllp.com

ATTORNEYS FOR DEFENDANT VERTICAL ENTERPRISE, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via the court's electronic filing system on August 29, 2025.


*s/ Paul Brusati*

Electronically Filed - JACKSON - INDEPENDENCE - August 29, 2025 - 11:31 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

CHRISTOPHER VICK, et al.,

Plaintiffs,

vs.

FRESH GREEN, LLC, et al.,

Defendants.

Case No. 2516-CV18924

**Alternative Request to Stay**

**Request for Oral Argument**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT VERTICAL ENTERPRISE, LLC'S MOTION TO DISMISS**

Vertical Enterprise, LLC ("Defendant" or "Vertical") asks the Court to dismiss Plaintiffs' claims by rewriting the Petition to say something it does not. Plaintiffs do not allege that Defendant acted unlawfully by initially collecting the 3% county-wide marijuana sales tax. Rather, Plaintiffs' claims arise from Defendant's anticipated *post-collection* conduct—specifically, its intent to retain refunds received from the Missouri Department of Revenue ("MDOR") for taxes unlawfully collected from consumers, and its failure to take any steps to return those funds to the individuals from whom they were taken.

Under Mo. Rev. Stat. § 144.190, only the "person legally obligated to remit the tax" may request a refund from MDOR. That person is the seller—not the consumer. As a result, the purchasers themselves have no legal ability to obtain a refund directly from the state, making this controversy both *ripe* and *without any adequate remedy at law* unless the Court allows Plaintiffs to proceed. Plaintiffs are entirely dependent on Defendant to (1) seek a refund from MDOR and (2) return the refunded monies to the individuals who actually bore the tax burden.

The Missouri Supreme Court has already ruled that the tax at issue is unconstitutional when imposed by counties on sales within incorporated municipalities. Plaintiffs plausibly allege that

Defendant (1) collected the tax from consumers, (2) remitted it to MDOR, and (3) is either in the process of seeking—or will soon receive—a refund that it intends to keep. But the law does not permit a private business to obtain a government refund of unlawful taxes that were paid by consumers and then pocket that refund for itself.

Because Plaintiffs have no direct statutory mechanism for recovery, equity must fill the gap. And the equitable principles underlying Plaintiffs' claims are not novel. In fact, they have been explicitly recognized by Missouri courts in tax refund contexts. In *Shelter Mut. Ins. Co. v. Director of Revenue*, 107 S.W.3d 919 (Mo. banc 2003), Judge Wolff, concurring, addressed precisely the scenario raised here—where a vendor collects unlawful taxes from customers and later receives a refund from the Department of Revenue:

> Where the seller receives a refund of amounts actually charged to its customers, [this] would certainly be unjust enrichment. The seller receives a benefit at the expense of the customer. When this occurs, it seems that these customers may well bring a class action against the seller seeking restitution and requiring the vendor to hold any refund received in a constructive trust for the benefit of the customers.

*Id.* at 924 (Wolff, J., concurring).

That is precisely what Plaintiffs seek here: equitable remedies to prevent a windfall to Defendant at the expense of Missouri consumers. Judge Wolff's concurrence reinforces that Missouri law contemplates restitutionary and trust-based remedies in situations where refunds may be issued to the party that remitted the tax, but where the economic burden was borne by someone else. Such relief is especially appropriate where—as here—the payors (consumers) are barred by statute (Mo. Rev. Stat. § 144.190) from seeking refunds directly and must instead rely on the seller to return the funds.

The Petition properly pleads all elements of the asserted claims, and the Motion to Dismiss should be denied.

Electronically Filed - JACKSON - INDEPENDENCE - September 05, 2025 - 03:43 PM

**ARGUMENT**

**I.      Missouri's Notice Pleading Standard is Liberal and Plaintiff-Friendly**

Missouri follows a liberal notice pleading regime. Plaintiffs need only allege facts that, if true, "meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). Motions to dismiss are disfavored, particularly where the facts are still developing. *Kersey v. Harbin*, 531 S.W.2d 76, 79 (Mo. App. 1975).

Plaintiffs' First Amended Petition easily satisfies this standard. Each count is supported by factual allegations that—taken as true—state viable claims under Missouri law.

**II.     Plaintiffs Have Stated a Valid Claim for Unjust Enrichment**

Missouri law recognizes unjust enrichment as a broad and flexible equitable remedy, designed to prevent a defendant from retaining a benefit that, in fairness, belongs to someone else. *See Hertz Corp. v. RAKS Hospitality, Inc.*, 196 S.W.3d 536, 543 (Mo. App. 2006). To state a claim for unjust enrichment, a plaintiff must plead: "(1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; and (3) that it would be unjust to allow the defendant to retain the benefit." *Petrie v. LeVan*, 799 S.W.2d 632, 635 (Mo. App. 1990); *Miller v. Horn*, 254 S.W.3d 920, 924 (Mo. App. 2008). Missouri courts emphasize that "[a] person who has received money from another by mistake, money that in equity and good conscience the person ought not to keep, may be compelled to make restitution—even though the mistake was an honest one." *Petrie*, 799 S.W.2d at 635.

Importantly, unjust enrichment may apply even where a defendant was initially entitled to collect a charge or tax, if it later receives a refund that rightfully belongs to someone else. *In Shelter Mut. Ins. Co. v. Dir. of Revenue*, 107 S.W.3d 919, 924 (Mo. 2003), Judge Wolff emphasized this very point:

> Taxpayers who collect sales tax from customers hold those taxes in trust for the state and are obligated to return unlawfully collected taxes to those customers once refunded by the Department of Revenue.

*Id.* (Wolff, J., concurring).

Here, Plaintiffs allege they paid a 3% county-wide sales tax to Defendants on purchases of adult-use marijuana. That tax was later held unconstitutional under Article XIV of the Missouri Constitution. *See Robust Missouri Dispensary 3, LLC v. St. Louis Cnty.,* No. SC 100898, 2025 WL 2053566 (Mo. July 22, 2025) ("*Robust*"). Plaintiffs further allege that Defendant Vertical either has sought, or soon will seek, a refund of those tax payments from the Missouri Department of Revenue—but does not intend to return the refunded money to the consumers who actually paid it.

Because § 144.190 allows only the party "legally obligated to remit the tax" to seek a refund, consumers have no direct remedy. Equity is the only path available. If Vertical receives a refund, despite never bearing the economic burden of the tax, and keeps those funds, unjust enrichment is not only likely—it is inevitable.

California's highest court confronted this precise situation in *Javor v. State Board of Equalization*, 12 Cal.3d 790 (1974), where retailers who had collected unconstitutional sales taxes from consumers later received refunds from the state. The court held that the retailers were not entitled to retain the refunded money because they had never borne the economic burden of the tax. Instead, because consumers lacked standing to seek refunds directly from the state, the court allowed them to compel the retailers to act as collection agents for the purpose of restitution. *Id*.

at 802–03. As in Missouri, the refund statute only empowered the sellers—not the real payors—to seek repayment, creating the risk of windfall enrichment without judicial intervention.[1]

Missouri courts recognize this same problem. Judge Wolff's separate opinion in *Buchholz Mortuaries, Inc. v. Dir. of Revenue*, 113 S.W.3d 192 (Mo. 2003), offers a parallel warning:

> Buchholz's customers paid the tax … Buchholz will be unjustly enriched at the expense of its customers if allowed to pocket a refund of tax money that it did not pay. … [Sellers] who receive sales tax refunds are, and perhaps will be, subject to class suits on behalf of customers at whose expense the sellers have been enriched.

*Id.* at 195–96 (Wolff, J., concurring).

Judge Wolff explained that courts may impose a constructive trust or even deny the refund unless the seller agrees to return the funds to consumers. Id. at 196–97. These tools are especially appropriate where—as here—the seller collected taxes as a conduit, knew the tax was invalidated, and has no intent to return refunded proceeds to those from whom they were collected.

Vertical, however, argues that Plaintiffs' claims are not ripe, citing *Texas v. United States*, 523 U.S. 296, 300 (1998), for the proposition that a claim is unripe if it depends on "contingent future events." But Missouri equity jurisprudence rejects such a narrow view. The unjust enrichment claim here is not hypothetical—it is pled to prevent a foreseeable and judicially acknowledged risk of unjust enrichment.

Indeed, in *Shelter*, the Missouri Supreme Court cited multiple out-of-state authorities *denying* refund claims because the vendor would retain the refund without repaying consumers. *See Shelter*, 107 S.W.3d at 927–28 (citing *Cook v. Sears-Roebuck & Co.*, 206 S.W.2d 20 (Ark.

---

[1] Even though the Supreme Court of California in *McClain v. Sav-On Drugs* ultimately found the complaint defective, it reaffirmed the continued viability of the *Javor* rule in situations where the illegality of the tax has been established. The court explained that "*Javor* was not intended to apply where there has been no determination by … the courts that the tax was not due"—implicitly confirming its ongoing applicability when such a determination does exist, as in this case. *McClain v. Sav-On Drugs*, 538 P.2d 607, 610 (Cal. 1975).

Electronically Filed - JACKSON - INDEPENDENCE - September 05, 2025 - 03:43 PM

1947); *Shannon v. Hughes & Co.*, 109 S.W.2d 1174 (Ky. App. 1937)). The Court recognized that: "[T]his Court could deny refund—*to avoid countenancing an unjust enrichment*—unless the seller agrees to pass the money on to its customers." *Id.* at 928 (emphasis added).

Plaintiffs' lawsuit ensures the conditions for such a refund are satisfied, by establishing a class vehicle through which equitable restitution can be enforced. Far from speculative, this case meets precisely the concern raised by Missouri's appellate judges: that sellers may otherwise receive a windfall at the expense of consumers, or that the Missouri Department of Revenue may deny a refund altogether, unless legal action is filed.

Thus, not only is Plaintiffs' claim ripe, but it is also timely and necessary to prevent an unjust outcome. *See, e.g., Brown v. Brown*, 152 S.W.3d 911, 916 (Mo. App. 2005) (constructive trust arises "as soon as [the unjust enrichment] situation is created").[2] Dismissing the claim now would incentivize Defendant to retain refunds without consequence and frustrate the very equitable principles Missouri courts are empowered to enforce.

### III.     Plaintiffs Properly State a Claim for Money Had and Received

A cause of action for money had and received lies where a defendant is in possession of money that rightfully belongs to the plaintiff, and which, in equity and good conscience, the defendant ought to return. *Ward v. Luck*, 242 S.W.3d 473, 476 (Mo. App. 2007). This is a flexible, equitable remedy grounded in restitution principles: "An action for money had and received has always been favored in the law and the tendency of courts is to widen its scope." *Id*.

---

[2] Unlike in *Texas v. United States*, 523 U.S. 296, 300 (1998), where the challenged law had not even taken effect and its impact was speculative, here Plaintiffs already suffered concrete monetary losses. The only question is whether Defendant will improperly retain money to which it has no rightful claim. That is *not a hypothetical injury—it is a developing one*, and, as explained further below, the Court need not wait for the damage to be complete to afford relief.

The doctrine applies not only when funds have already changed hands but also when it would be unjust to allow a defendant to retain funds that it is reasonably certain to receive, but which belong to another. This cause of action is particularly appropriate where—as here—the plaintiff has no direct statutory mechanism to reclaim overpaid funds from a third party such as the Department of Revenue and must instead rely on the equitable conscience of the collecting party.

Plaintiffs allege they paid a 3% county-wide sales tax to Defendants on purchases of adult-use marijuana. Defendant Vertical admits it collected these taxes and remitted them to the Missouri Department of Revenue. The Missouri Supreme Court has since confirmed in *Robust* the tax was unlawful when imposed by counties on sales within municipalities. Now, pursuant to § 144.190, Defendant is the only party eligible to request a refund.

Plaintiffs allege that Defendant Vertical either has received or is actively seeking those refunds, and that it intends to retain the refunded funds rather than return them to the purchasers who bore the tax burden. At the pleading stage, that is more than sufficient to state a claim for money had and received. Plaintiffs need not wait for the refund to be deposited in Defendant's account before invoking the equitable power of the Court. *See Ward*, 242 S.W.3d at 476 (cause of action lies where retention would be inequitable). Equity does not require courts to stand idly by until the harm is complete. Rather, Plaintiffs seek to prevent Defendant's anticipated unjust retention of money that, in fairness and conscience, must be returned to those who paid it.

## IV.      Plaintiffs Have Pled a Viable MMPA Claim

The Missouri Merchandising Practices Act (MMPA) is designed to "preserve fundamental honesty, fair play and right dealings" in consumer transactions. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 770 (Mo. banc 2007). To state a claim under § 407.020, a plaintiff must plead that:

Electronically Filed - JACKSON - INDEPENDENCE - September 05, 2025 - 03:43 PM

Electronically Filed - JACKSON - INDEPENDENCE - September 05, 2025 - 03:43 PM

(1)     the purchase of merchandise,

(2)     for personal, family, or household use,

(3)     an ascertainable loss, and

(4)     that the loss was caused by the defendant's unfair practice.

*Huch v. Charter Commc'ns, Inc*., 290 S.W.3d 721, 725 (Mo. banc 2009).

Here, Plaintiffs allege that:

- They purchased adult-use marijuana for personal use;

- As part of those purchases, Defendant charged them a 3% county-wide sales tax;

- This tax was later held unconstitutional when imposed by counties on transactions occurring within municipalities (*Robust*, 2025 WL 2053566);

- The tax was non-optional and presented as mandatory;

- Defendant failed to disclose that the legality of the tax was questionable;

- Defendant collected and remitted the tax, is eligible to receive a refund under § 144.190, and has taken no steps to return the money to the consumers who paid it.

These facts establish a deceptive and unfair business practice under the MMPA. Even if Defendant was legally required to collect the tax initially, its post-collection conduct is what gives rise to liability. Plaintiffs do not challenge the tax's initial imposition—they challenge the failure to return unlawfully collected funds. Defendant's continued treatment of those funds as its own, despite knowing they belong to the consumer, constitutes an unfair and deceptive practice.

## V.     Plaintiffs Properly Plead Claims for Declaratory and Injunctive Relief

Plaintiffs seek declaratory and injunctive relief to prevent unjust enrichment and to clarify the parties' respective rights to tax refunds arising from the unconstitutional 3% county marijuana tax. Both forms of relief are authorized under Missouri law and are particularly appropriate given the equitable nature of the dispute and the absence of any adequate remedy at law.

8

### A.    Rule 87 Authorizes Prospective Declaratory Relief

Missouri Rule of Civil Procedure 87.02 authorizes courts to issue declarations to "remove an uncertainty." The purpose of the rule is explicitly forward-looking: it exists to clarify legal relationships *before* a party suffers irreparable harm. Indeed, Rule 87.03 expressly contemplates *pre-breach* or *pre-injury* relief, stating: "A contract may be construed either before or after there has been a breach thereof." This principle underscores that Missouri courts are empowered to declare rights and obligations *in advance of* a final injury, particularly where a party is positioned to suffer harm without access to another adequate remedy.

Here, Plaintiffs allege that Defendants collected a tax later declared unconstitutional; that they remitted those taxes to MDOR; and that they are either seeking or will imminently receive refunds, which they intend to keep rather than return to the consumers who paid them. Under § 144.190.2, RSMo, only the "person legally obligated to remit the tax"—i.e., the seller—can seek a refund. Consumers have no legal mechanism to apply for refunds directly. They are wholly dependent on Defendants, who functioned as intermediaries in collecting the unlawful tax.

This sets up precisely the kind of legal limbo Rule 87 is meant to resolve. Plaintiffs face a real, substantial, and currently existing controversy over whether Defendants may retain the refunded proceeds of a tax they collected from consumers. The Plaintiffs' interest is legally protectable—they were the source of the funds that must now be returned by the State. And without a declaratory ruling, Plaintiffs have no clear remedy at law to compel restitution, particularly before Defendants spend or dissipate the funds.

Accordingly, declaratory relief is not only appropriate but necessary to prevent further injustice and clarify the legal obligations of private tax collectors regarding unlawful charges refunded by the State.

### B.    Injunctive Relief Is Likewise Proper and Necessary

"The purpose of an injunction is to prevent actual or threatened acts that constitute real injury." *State ex rel. Gardner v. Stelzer*, 568 S.W.3d 48, 51 (Mo. App. 2019) (internal quotation marks omitted). "To be entitled to an injunction, a party must demonstrate: 1) no adequate remedy at law; and 2) irreparable harm will result if the injunction is not awarded." *Id*. (internal quotation marks omitted).

Here, Plaintiffs have no adequate legal remedy. Under § 144.190.2, only the person who was "legally obligated to remit the tax" may request a refund. Plaintiffs were not legally obligated to remit the tax—Defendants were. Consumers are therefore entirely dependent on Defendants to seek a refund on their behalf. And yet, Defendant Vertical does *not* say that it will seek a refund on behalf of its consumers.

If the Court does not act until the refund is received and dissipated, the harm will be complete and likely irreparable. Plaintiffs would face severe difficulty identifying, tracing, or reclaiming funds, particularly in the absence of a trust or segregated account. Thus, both declaratory and injunctive relief are necessary to preserve the rights of the true payors—the consumers.

Accordingly, the relief Plaintiffs seek is not speculative. It is tailored to clarify the rights of consumers to funds they paid, and to prevent Defendants from unjustly retaining tax refunds remitted to them solely by virtue of their role as intermediary collectors.

### VI.    Defendants' Retention of Refunded Tax Monies Violates Missouri Law and Equity

The Missouri Supreme Court has unequivocally held that the county marijuana tax is unconstitutional when imposed on sales within incorporated municipalities. *See Robust*, 2025 WL 2053566. Accordingly, any refund of that tax by the Missouri Department of Revenue does not belong to the seller—it belongs to the consumers who paid it.

10

As the Missouri Supreme Court explained in *Shelter Mutual Insurance Co. v. Director of Revenue*, "[t]axpayers who collect sales tax from customers hold those taxes in trust for the state and are obligated to return unlawfully collected taxes to those customers once refunded by the Department of Revenue." 645 S.W.3d 111, 118–19 (Mo. banc 2022) (Wolff, J., concurring). This principle recognizes the economic reality: sellers like Defendant Vertical acted as collection agents, not as the true taxpayers. Retention of refunded amounts therefore constitutes a misappropriation of funds that rightfully belong to the consumer.

Missouri courts have consistently policed such conduct using constructive trusts, equitable accounting, and restitution. "[T]he beneficial interest in the property is from the beginning in the person who has been wronged," and a constructive trust arises automatically "as soon as that situation is created." *Brown v. Brown*, 152 S.W.3d 911, 916 (Mo. App. 2005). Courts of equity may impose a constructive trust "where one who has acquired property under such circumstances as make it inequitable for him to retain it" is deemed a trustee for those harmed. *Id*.

The goal is not simply to penalize the wrongful actor, but to return the funds to those who bore the economic burden:

> [T]he object and purpose of a court of equity in imposing a constructive trust is 'to restore to plaintiff property of which he has been unjustly deprived and to take from the defendant property the retention of which by him would result in a corresponding unjust enrichment... and to put each of them in [the] position in which he was before the defendant acquired the property.'

*Suhre v. Busch*, 343 Mo. 679, 123 S.W.2d 8, 16 (1938) (quoting Restatement (First) of Restitution § 160 cmt. d (1937)).

Other courts have reached similar conclusions. In *Javor*, 12 Cal.3d 790, the California Supreme Court held that where consumers paid an unlawful sales tax and the retailer received a refund from the state, the retailer could not retain the funds. A constructive trust was imposed to

Electronically Filed - JACKSON - INDEPENDENCE - September 05, 2025 - 03:43 PM

compel repayment to the customers, even though the customers had no direct statutory refund right. Id. at 798. This aligns with Missouri's equitable framework and reinforces that where a business obtains public refund money to which it has no equitable entitlement, the courts may—and must—intervene.

Here, Plaintiffs seek only to prevent a windfall: they ask that Defendants not retain public funds refunded on the basis of an unconstitutional tax. Allowing Defendants to pocket those funds would, or risk the denial of refunds (*see Shelter*, 107 S.W.3d at 927–28, citing *Cook v. Sears-Roebuck & Co.*, 206 S.W.2d 20 (Ark. 1947); *Shannon v. Hughes & Co.*, 109 S.W.2d 1174 (Ky. App. 1937)), subvert both the law and equity. Missouri courts have the tools—and the precedent—to prevent it.

## VII.     Plaintiffs Have Properly Pled a Claim for Equitable Accounting

Defendant's challenge to Plaintiffs' equitable accounting claim misstates the legal standard and ignores the nature of the relief sought.

Missouri courts recognize that equitable accounting is appropriate where: the plaintiff shows a need for discovery; the nature of the accounts are complicated; a fiduciary duty existed between the parties; and the plaintiff lacks an adequate remedy at law. *Cook v. Martin*, 71 S.W.3d 677, 679 (Mo. App. 2002).

Here, Plaintiffs allege that Defendants acted as a conduit in the collection of a 3% county sales tax from consumers, remitted those funds to the Missouri Department of Revenue, and are now poised to receive a refund of those same funds—without returning the money to the purchasers who bore the tax burden. These allegations present precisely the kind of circumstances under which equitable accounting is warranted:

- **Trust-Like Relationship and Quasi-Fiduciary Role**: Defendants assumed a trust-like role when they collected taxes from consumers on behalf of the government. As the

Electronically Filed - JACKSON - INDEPENDENCE - September 05, 2025 - 03:43 PM

Missouri Supreme Court recognized, "[t]axpayers who collect sales tax from customers hold those taxes in trust for the state and are obligated to return unlawfully collected taxes to those customers once refunded." *Shelter Mut. Ins. Co. v. Dir. of Revenue*, 107 S.W.3d 919, 924 (Mo. 2003) (Wolff, J., concurring). The same equitable obligations apply here, where Defendants seek to retain refunded taxes that do not belong to them.

- **Lack of Legal Remedy**: Plaintiffs cannot directly apply for a tax refund from the State under Mo. Rev. Stat. § 144.190 because only the party "legally obligated to remit the tax" may seek the refund. Thus, Plaintiffs are entirely dependent on Defendants' actions—and inactions—and possess no adequate remedy at law.

- **Complex and Asymmetric Information**: The records necessary to determine the amount of tax collected, remitted, refunded, or retained are solely in Defendants' possession. These likely include point-of-sale data, tax remittance reports, refund applications submitted to MDOR, and internal financial records. A standard legal action will not adequately reveal the full scope of Defendants' retention or disposition of the funds.

In sum, Plaintiffs seek a judicial accounting to ensure transparency, fairness, and restitution of public tax refunds to the individuals who actually paid them. Equity demands no less.

## VIII.  Plaintiffs Have Standing and May Assert Claims for Equitable Relief

Plaintiffs have standing to assert claims for amounts they were unlawfully charged and that Defendants are now attempting to retain. Standing in Missouri courts exists where a plaintiff has a legally cognizable interest and "*a threatened* or real injury." *Manzara v. State*, 343 S.W.3d 656, 659 (Mo. banc 2011) (emphasis added).

Plaintiffs allege a concrete economic injury—the payment of an unauthorized tax—and seek to prevent Defendants from improperly keeping the proceeds of that injury. That is sufficient.

13

Electronically Filed - JACKSON - INDEPENDENCE - September 05, 2025 - 03:43 PM

**IX.    In Alternative to Dismissal, a Limited Stay is Appropriate.**

Vertical argues that the Missouri Supreme Court's decision in *Robust* lacks finality because it has not yet been released for publication in the permanent law reports. But that procedural formality does not undermine its precedential effect. The Missouri Supreme Court issued *Robust* over six weeks ago, on July 22, 2025, and it currently stands as binding authority unless rehearing is granted or the decision is otherwise withdrawn—neither of which has occurred. Nonetheless, should the Court believe that final publication is necessary before relying on *Robust*, Plaintiffs respectfully request that the Court stay further proceedings for a limited time (e.g., 60 to 90 days), rather than dismiss the case outright. A brief stay would conserve judicial and party resources, preserve Plaintiffs' claims, and avoid the inequitable result of dismissing a live controversy based solely on the timing of a formally issued but not-yet-published opinion.

**X.    Plaintiffs' Request for Oral Argument**

Pursuant to L.R. 33.5, Plaintiffs hereby request that a hearing or oral argument be conducted.

<u>**CONCLUSION**</u>

Defendants' motion improperly seeks to apply a narrow reading of Missouri pleading and equitable doctrines. Yet Plaintiffs' claims fall squarely within Missouri's notice pleading standard and long-standing equitable protections against unjust enrichment. Accordingly, for the foregoing reasons, Defendant Vertical's Motion to Dismiss should be denied in its entirety. Plaintiffs have alleged all essential elements of their claims, and the factual allegations must be accepted as true at this stage. The Court should allow the case to proceed to discovery so that the relevant facts—particularly regarding refunds—can be explored.

Respectfully submitted,                                    KLAMANN & SCHERMERHORN, PA

                                                                By: /s/ *Andrew Schermerhorn*

Electronically Filed - JACKSON - INDEPENDENCE - September 05, 2025 - 03:43 PM

Andrew Schermerhorn, MO 62101
4435 Main Street, Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
ajs@klamannlaw.com

Paul D. Anderson, MO 65354
THE POPHAM LAW FIRM, PC
712 Broadway Blvd., #100
Kansas City, Missouri 64105
P: (816) 221-2288
F: (816) 221-3999
paul@pophamlaw.com

ATTORNEYS FOR PLAINTIFFS

Electronically Filed - JACKSON - INDEPENDENCE - September 05, 2025 - 03:43 PM

**CERTIFICATE OF SERVICE**

On September 5, 2025, a copy of the above and foregoing was filed via the court's electronic filing system and thereby served on all counsel of record.

*/s/ Andrew Schermerhorn*

ATTORNEY FOR PLAINTIFFS

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

CHRISTOPHER VICK AND )
BRIDGET BIERSMITH, individually )
and on behalf )
of all others similarly situated, )
       ) Case No:  2516-CV18924
      Plaintiffs, )
       )
vs. )
       )
FRESH GREEN, LLC, et al., )
       )
      Defendants.

## DEFENDANT VERTICAL ENTERPRISE, LLC'S
## REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiffs' Opposition claims that the First Amended Petition did not "allege that Defendant acted unlawfully by initially collecting" the tax. Opp. at 1. Rather, Plaintiffs now say, their "claims arise from Defendant's anticipated *post-collection* conduct." *Id*. Yet their First Amended Petition ("Petition") alleges the opposite.

The Petition asserts that "Defendant marijuana dispensaries collected and remitted both taxes, ***unlawfully overcharging*** consumers across the State." Am. Pet. ¶1 (emphasis added). It alleges that the tax is one "which the Defendant dispensaries ***unlawfully collected*** and remitted to the Department of Revenue." Am. Pet. ¶26 (emphasis added). It alleges "an additional 3% county-wide tax ***unlawfully collected at the point of sale***." Am. Pet. ¶51 (emphasis added). It further alleges that "Defendants remitted

1

the ***unlawfully collected*** taxes to the Missouri Department of Revenue." Am. Pet. ¶76. And it even seeks recovery under Missouri's consumer fraud statute, alleging that "***Defendants' collection*** of this unauthorized 3% tax ***was deceptive, unfair, and constituted an unlawful practice*** under the MMPA." Am. Pet. ¶62 (emphasis added).

Ironically, Plaintiffs accuse Vertical of "rewriting the Petition to say something it does not." Opp. at 1. But even a cursory comparison between the Petition and their Opposition demonstrates the opposite is true.

The Opposition relies on conflicting allegations, dicta from a nonbinding concurring opinion, California case law, and a misunderstanding of Missouri's pleading requirements. None of that changes what the Petition itself pleads: that dispensaries collected and remitted the tax as required by law, do not possess the funds at issue, and have not been issued any refunds by the Department of Revenue. Plaintiffs' theory rests on speculation about contingent future events that may never occur. Because their claims are premature, the Petition fails to state a claim and should be dismissed.

## ARGUMENT

### I. Missouri is a *fact* pleading state.

Plaintiffs' statement that "Missouri follows a liberal notice pleading regime" is wrong. Opp. at 3. Just months ago, the Western District of the Court of Appeals re-affirmed that "Missouri is a fact pleading state." *Howland v.*

Electronically Filed - JACKSON - INDEPENDENCE - September 12, 2025 - 03:50 PM

*Truman Med. Ctr., Inc.*, --- S.W.3d ---, 2025 WL 1802370, at \*3 (Mo. App. W.D. Jul. 1, 2025) (quoting *Gruhn v. Schwermer*, 710 S.W.3d 103, 109 (Mo. App. W.D. 2025)).

Because Missouri courts apply a fact pleading standard, the plaintiffs must "allege ultimate facts informing the defendant of what the plaintiff will attempt to establish at trial." *Charron v. Holden*, 111 S.W.3d 553, 555 (Mo. App. W.D. 2003), (citing *Bracey v. Monsanto Co., Inc.*, 823 S.W.2d 946, 951 (Mo. banc 1992)). Missouri courts "demand more than mere conclusions" and consequently disregard conclusions unsupported by facts in determining whether a petition states a claim. *Jennings v. Bd. Of Curators of Missouri State Univ.*, 386 S.W.3d 796, 798 (Mo. App. S.D. 2012). It is not the Court's function to determine whether a plaintiff is entitled to relief on the merits, but rather if the "facts alleged meet the elements of a recognized cause of action." *Chochorowski v. Home Depot U.S.A., Inc.*, 295 S.W.3d 194, 197 (Mo. App. E.D. 2009).

## II. Applying Missouri's fact pleading standard, all counts against Vertical should be dismissed for failure to state a claim.

A motion to dismiss for failure to state a claim under Mo. Sup. Ct. R. 55.27(a)(6) tests whether a plaintiff has pleaded facts that satisfy the elements of a recognized cause of action. *Gruhn,* 710 S.W.3d at 109. A pleading which states no cause of action confers no subject matter jurisdiction on a court and

3

is subject to dismissal. *Lowery v. Air Support Int'l*, 982 S.W.2d 326, 328 (Mo. App. S.D. 1998) (citing *Phillips v. Bradshaw d/b/a Distinctive Exteriors Co.*, 859 S.W.2d 232, 234 (Mo. App. S.D. 1993)). The only power a court without subject matter jurisdiction possesses is the power to dismiss the action before it. *Sisco v. James*, 820 S.W.2d 348, 351 (Mo. App. S.D. 1991); *Phillips*, 859 S.W.2d at 234.

Courts can and do dismiss pleadings that fail to conform to the rules of civil procedure. *See Mello v. Williams*, 73 S.W.3d 681, 685-686 (Mo. App. E.D. 2002). The Missouri Supreme Court has cautioned courts to be "sensitive to the reasons that Missouri remains a fact pleading state. Modern litigation is too expensive in time and money to be allowed to proceed upon mere speculation or bluff." *State ex rel. Harvey v. Wells*, 955 S.W. 2d 546, 548 (Mo. banc. 1997). Here, Plaintiffs have sued seven Missouri businesses, and would like to subject an entire putative class of Missouri businesses to meritless claims in the hopes of extracting a nuisance settlement. The claims in the Petition are entirely speculative and should not be allowed to proceed.

### a. Plaintiffs do not plead facts that meet the elements of unjust enrichment.

Plaintiffs' Opposition offers no facts supporting their unjust enrichment claim. To plead unjust enrichment, the plaintiffs must allege (1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit;

Electronically Filed - JACKSON - INDEPENDENCE - September 12, 2025 - 03:50 PM

and (3) the defendant accepted and *retained* the benefit under inequitable and/or unjust circumstances. *Binkley v. Am. Equity Mortgage, Inc.,* 447 S.W.3d 194, 199 (Mo. banc 2014) (emphasis added).

Plaintiffs' Petition concedes that Vertical (and every other defendant) did not retain a benefit: "[T]he Defendant dispensaries collected and *remitted* the unlawful county taxes to the Missouri Department of Revenue" and "they have *not yet been refunded* any portion of those unconstitutional charges." Am. Pet. ¶¶1, 23, 26 (emphasis added). The Opposition does not identify any facts indicating otherwise. Plaintiffs instead acknowledge *again* that Vertical did not retain a benefit: "*If* Vertical receives a refund…," "Defendant Vertical admits it collected these taxes *and remitted them*…," "Plaintiffs need not wait for the refund to be deposited in Defendant's account…" Opp. at 4, 7 (emphasis added). These concessions that Defendant Vertical does not possess the funds at issue, and therefore did not retain any benefit, confirm that the claim is entirely premature.[1]

On the face of the pleading, Plaintiffs do not allege that they conferred a benefit that Vertical appreciated, and they expressly concede that Vertical did not accept or retain one. Without factual allegations meeting any of the

---

[1] Even if Vertical were to eventually receive a refund from MDOR, it does not concede that Plaintiffs' claim would then become ripe or that Missouri law provides Plaintiffs with any theoretical legal basis to claim a right to any refund MDOR may owe to Vertical.

Electronically Filed - JACKSON - INDEPENDENCE - September 12, 2025 - 03:50 PM

required elements, Plaintiffs have failed to state a claim for unjust enrichment.

### b. Plaintiffs do not plead facts that meet the elements of money had and received.

Plaintiffs correctly assert that "a cause of action for money had and received lies where a defendant is *in possession* of money that rightfully belongs to the plaintiff, and which, in equity and good conscience, the defendant ought to return." Opp. at 6 (citing *Ward v. Luck*, 242 S.W.3d 473, 476 (Mo. App. E.D. 2008) (emphasis added). But Plaintiffs then refer to money had and received as being "flexible" and forego addressing the actual elements of the claim. Opp. at 6.

For Plaintiffs to make a submissible claim for money had and received, they must establish the following elements: (1) that the defendant received or obtained possession of the plaintiffs' money; (2) that the defendant thereby appreciated a benefit; and (3) that the defendant's acceptance *and retention* of the money was unjust. *See Ward*, 242 S.W.3d 473 at 476; *Sch. Dist. of Kansas City, Missouri v. Missouri Bd. of Fund Comm'rs*, 384 S.W.3d 238, 272 (Mo. App. W.D. 2012) (emphasis added). As described in the preceding section, Plaintiffs do not plead any facts in the Petition or Opposition reflecting that Vertical retained or otherwise is in possession of the funds at issue.

Plaintiffs' Opposition claims they "allege that Defendant Vertical either received or is actively seeking those refunds." Opp. at 7. But that is not what

the Petition claims: "Although the Defendant dispensaries collected and remitted the unlawful county taxes to the Missouri Department of Revenue ("MDOR"), they have not yet been refunded any portion of those unconstitutional overcharges." Am. Pet. ¶ 1. The Petition fails to state a claim for money had and received.

### c. Plaintiffs do not plead facts that meet the elements of an MMPA violation.

Plaintiffs' reversal is sharpest in their MMPA claim response. They now argue that Defendants' "post-collection conduct is what gives rise to liability" and that "Plaintiffs do not challenge the tax's initial imposition." Opp. at 8. Yet their pleading plainly (and baselessly) alleges the opposite: "Defendants' collection of this unauthorized 3% tax was deceptive, unfair, and constituted an unlawful practice under the MMPA." Am. Pet. ¶ 62. Plaintiffs base their MMPA claim on the very conduct their Opposition disavows.

For plaintiffs to succeed on a claim under the MMPA, they must plead facts alleging they (1) purchased merchandise from Vertical; (2) for personal, family, or household use; (3) suffered an ascertainable loss of money; (4) as a result of an act declared unlawful under the MMPA. *See J.J. by & through C.W. v. Poplar Bluff Reg'l Med. Ctr., L.L.C.,* 675 S.W.3d 259, 266 (Mo. App. E.D. 2023) (citing *Murphy v. Stonewall Kitchen, LLC,* 503 S.W.3d 308, 311 (Mo. App. E.D. 2016)); *see also* RSMo. § 407.025.1. Unlawful conduct under the

MMPA is defined as the use of deception, misrepresentation, unfair practices, and the concealment, suppression, or omission of any material fact in connection with the sale of any merchandise. *See* RSMo. § 407.020.1.

In the Petition, Plaintiffs assert only conclusory allegations about the "unlawful" and unauthorized nature of the sales tax to support the MMPA claim against Vertical. Am. Pet. ¶¶61–63. Plaintiffs now attempt to limit their claim to post-collection conduct. Opp. 7–8. But if the theory is only post-collection, Plaintiffs have conceded the dispensaries have not received (and may never receive) any refund, particularly because the Supreme Court's decision is not yet final. Opp. at 4, 7; Am. Pet. ¶¶1–2. Without any refund received, there is nothing for Vertical to theoretically "retain," and no conduct that could be deceptive or unfair.

Plaintiffs do not, and cannot, plead facts showing deception, misrepresentation, or unfair conduct by Vertical, or an ascertainable loss caused by such conduct. Even if Plaintiffs were allowed to amend the Petition yet again to reflect the different, narrower MMPA theory described in the Opposition, it would still fail to meet MMPA's statutory elements.

### d. Plaintiffs do not plead facts that meet the elements for declaratory judgment and are not entitled to injunctive relief.

To state a claim for declaratory relief, the plaintiffs must allege (1) a justiciable controversy that presents a "real, substantial, presently existing

Electronically Filed - JACKSON - INDEPENDENCE - September 12, 2025 - 03:50 PM

controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation"; (2) a legally protectable interest; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law. *Graves v. Missouri Dep't of Corr., Div. of Prob. & Parole*, 630 S.W.3d 769, 772–73 (Mo. banc 2021) (citing *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 25 (Mo. banc 2003)). A claim is not ripe for adjudication if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300 (1998).

Rather than plead any facts to meet the elements of this claim, Plaintiffs resort to the unsupported contention that Missouri courts "reject" the view held by the Supreme Court of the United States in *Texas*. Opp. at 5. Missouri authority shows this is wrong. *See, e.g., Geier v. Missouri Ethics Comm'n*, 474 S.W.3d 560, 569 (Mo. banc 2015) (quoting *Texas*) (A claim is not ripe for adjudication if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."); *Progress Missouri, Inc. v. Missouri Senate*, 494 S.W.3d 1, 5 (Mo. App. W.D. 2016) (quoting *Texas*) (A claim is not ripe for adjudication if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."); *Scobee v. Norris*, 620 S.W.3d 262, 267 (Mo. App. E.D. 2021) (quoting *Texas* in holding that it would be improper to rule upon a claim that was not ripe).

Plaintiffs invoke Rule 87's general authorization of declaratory relief. Opp. at 5–6. But Rule 87 does not invite courts to decide hypothetical disputes. As Vertical's motion explained, Missouri courts applying Rule 87 still require a ripe, presently existing controversy, and they look to *Texas* to reject claims based on speculation. Vertical's Motion to Dismiss at 3.

Plaintiffs also cite Rule 87.03 on construing contracts, though they assert no contractual claim and allege no contract. The quoted language about construing contracts "before or after breach" illustrates the rule's application in contract cases. It does not eliminate the threshold requirements of ripeness and justiciability for declaratory judgment claims **not premised on a contract**. *See Mo. Soybean Ass'n,* 477 S.W.3d at 25 ("A court cannot render a declaratory judgment unless the petition presents a controversy ripe for judicial determination.").

Here, Plaintiffs allege no facts showing a current legal injury. They admit dispensaries have not received refunds, may never receive refunds, and that the Supreme Court's decision is not final. Opp. at 2, 4, 6, 14. That admission alone defeats their declaratory judgment claim. A lawsuit to guard against refunds which might be "wrongfully retained" if they are someday paid seeks an advisory opinion, not a ripe declaratory judgment.

10

Electronically Filed - JACKSON - INDEPENDENCE - September 12, 2025 - 03:50 PM

### e. Plaintiffs do not plead facts that meet the elements for equitable accounting.

Plaintiffs do not plead facts that meet the elements for equitable accounting. Instead, Plaintiffs contend Vertical misstates the legal standard. Opp. at 12. Curiously, that contention is immediately followed by Plaintiffs reiterating the legal standard included in Vertical's Motion to Dismiss. Opp. at 12; Motion to Dismiss at 11.

Plaintiffs must allege (1) the need for discovery; (2) the complexity of the accounts; (3) a fiduciary or trust relationship; and (4) the inadequacy of legal remedies. *See Shaner v. Sys. Integrators, Inc.*, 63 S.W.3d 674, 677 (Mo. App. E.D. 2001). Plaintiffs insist on relying on dicta in a concurring opinion used throughout the Opposition to establish a fiduciary relationship between the parties. Opp. at 13. But a "concurring opinion is not law." *Denney v. Syberg's Westport, Inc.*, 665 S.W.3d 348, 353 n.2 (Mo. App. E.D. 2023) (citing *Lampley v. Missouri Comm'n on Hum. Rts.*, 570 S.W.3d 16, 21 (Mo. banc 2019)). Plaintiffs fail to cite any *binding* authority supporting their position regarding the equitable accounting claim. The legal standard provided by Vertical is correct, and Plaintiffs failed to meet it with factual allegations in the Petition or the Opposition.

### III.     Plaintiffs lack standing.

Plaintiffs did not allege any facts or legal theories related to standing in

11

Electronically Filed - JACKSON - INDEPENDENCE - September 12, 2025 - 03:50 PM

the Petition, and the Opposition likewise fails to establish it. "Standing requires that a party have a personal stake arising from a threatened or actual injury." *Schweich v. Nixon*, 408 S.W.3d 769, 774 (Mo. banc 2013). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992)).

A speculative or hypothetical risk cannot confer standing. *See Lehmann v. Bd. of Educ. of Fayette R3 Sch. Dist.*, 649 S.W.3d 303, 310 (Mo. App. W.D. 2022); *Courtright v. O'Reilly Auto.,* 604 S.W.3d 694, 703 (Mo. App. W.D. 2020) (affirming dismissal of claim for lack of standing because allegations that a change in circumstances *may* have changed the outcome for the plaintiff was insufficient to allege injury).

Plaintiffs' conclusory allegations in the Petition and the Opposition are entirely based on speculation as to what *might* happen *if* Vertical receives a refund in the future from MDOR. Said another way, Plaintiffs' alleged injury and alleged right to pursue relief is derivative of Vertical's unresolved statutory right to request a refund from MDOR. If Vertical did not receive a refund from DOR, Plaintiffs would not even have a theoretical basis to claim

12

standing.[2]

Plaintiffs point to *Manzara v. State* as evidence that they have standing. Opp. at 13. But that case only supports Vertical's position that Plaintiffs lack standing. *See Manzara v. State,* 343 S.W.3d 656, 660–61 (Mo. banc 2011) (holding taxpayer-plaintiffs *lacked* standing since they were not directly affected by the tax at issue and would not be entitled to a refund of that tax if it were found unconstitutional).

## IV. The Court should not stay the case.

Plaintiffs cite no authority supporting a stay as an alternative to dismissal. Like the Petition, their request for a stay rests only on speculation about what may occur at an unknown time in the future. Because the Petition fails to state any claim for relief, the Court should dismiss it, not stay the case.

### CONCLUSION

The First Amended Petition fails under Missouri's fact-pleading standard. Plaintiffs plead no facts showing Vertical retained any benefit, possesses the disputed funds, or engaged in deceptive conduct. Because the Petition rests on speculation about hypothetical on future events, the Court should dismiss it in its entirety.

---

[2] For clarity, Vertical denies that Missouri law provides Plaintiffs with any theoretical legal basis to claim a right to any refund MDOR may owe to Vertical.

Electronically Filed - JACKSON - INDEPENDENCE - September 12, 2025 - 03:50 PM

By: /s/ Paul L. Brusati

Eric M. Walter         #47297
Paul L. Brusati         #67975
Nicholas D. Slovikoski    #73019
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105 and
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108
(314) 621-5070
(314) 621-5065 (Facsimile)
ewalter@atllp.com
pbrusati@atllp.com
nslovikoski@atllp.com

ATTORNEYS FOR DEFENDANT
VERTICAL ENTERPRISE, LLC

14

Electronically Filed - JACKSON - INDEPENDENCE - September 12, 2025 - 03:50 PM

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served through

the Court's e-filing system on September 12, 2025:

/s/ Paul L. Brusati

Electronically Filed - JACKSON - INDEPENDENCE - September 12, 2025 - 03:50 PM