**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER VICK, et al.,<br>Individually and on behalf of all others<br>similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>FRESH GREEN, LLC, et al., and JOHN<br>DOE DISPENSARIES 1-215,<br><br>       Defendants. | Case 4:25-cv-00739-DGK<br><br><br>Removed from Jackson County Circuit Court<br>Case No. 2516-CV18924 |

## PLAINTIFFS' MOTION TO AMEND COMPLAINT TO REDEFINE THE CLASS WITH SUGGESTIONS IN SUPPORT

Plaintiffs Christopher Vick, et al. ("Plaintiffs"), by and through undersigned counsel, move for leave to file a Second Amended Complaint under Fed. R. Civ. P. 15(a)(2) (and, to the extent applicable, Fed. R. Civ. P. 16(b)(4)). The proposed Second Amended Complaint refines and narrows the proposed class definition to ensure the case proceeds on the claims Plaintiffs actually intend to litigate, and to align the operative pleading with governing jurisdictional principles recognizing that federal jurisdiction now depends on the operative complaint *after amendment*. *See*, *e.g., Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025); *Faulk v. JELD-WEN, Inc.*, 159 F.4th 618 (9th Cir. 2025). *See also* 28 U.S.C. 1332(d)(7) ("Citizenship of the members of the proposed plaintiff classes shall be determined … as of the date of filing of the complaint or amended complaint[.]")[1]

In support of this motion, Plaintiffs state as follows:

---

[1] If leave is granted and the Second Amended Complaint is filed, Plaintiffs intend to file a renewed motion to remand based on the amended class allegations.

1

1.      Plaintiffs filed a Class Action Petition in Jackson County, Case No. 2516-CV1892.

2.      Plaintiffs filed their First Amended Class Action Petition on August 20, 2025.

3.      Plaintiffs now request leave to file the proposed Second Amended Complaint

(attached as **Exhibit A**) to redefine the Plaintiff Class as follows:

> All persons who, **<u>as of June 13, 2025, were citizens of the State of Missouri, and who,</u>** during the period from December 8, 2022 to the present, purchased adult-use marijuana from any Defendant Dispensary in the state of Missouri and were charged and paid a 3% county-wide sales tax that has been held unconstitutional by the Missouri Supreme Court.

> Excluded from the Plaintiff Class are any Defendant and any parent, affiliate, subsidiary, or entity in which any Defendant has controlling interest; any officer, director, employee, legal representative, heir, successor, or assign of any Defendant; the judge assigned to this case and members of the judge's immediate family; Class counsel and their employees, partners, and immediate family members.

> (Bolded text denotes newly added material)

4.      Plaintiffs filed this action challenging Defendants' collection of a 3% county-wide sales tax on adult-use marijuana purchases during the proposed class period. Plaintiffs now seek leave to refine the class definition to a *Missouri-citizen* class as of June 13, 2025, for clarity and manageability and to ensure the case proceeds consistently with Plaintiffs' intended class theory.

5.      Under Rule 15(a)(2), leave to amend should be freely given "when justice so requires." The Court considers whether there is undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

6.      This proposed amendment narrows and clarifies the proposed class definition. That refinement focuses the action on Missouri citizens as of a fixed date, reducing individualized issues concerning class membership; it assists in identifying class members using objective criteria; and it promotes orderly class administration and certification briefing.

2

7.      Defendants will not be unfairly prejudiced. A clarified class definition does not inject new factual predicates; it identifies who is included in the class and thus what discovery and certification issues matter. Any incremental discovery related to class membership is proportional and can be addressed efficiently through existing case management tools.

8.      The proposed definition uses objective criteria (citizenship as of a date certain; Missouri purchases during a defined class period; payment of the challenged 3% county-wide tax) and standard exclusions. The amendment is designed to improve precision and administrability. At the pleading stage, Plaintiffs need only allege a plausible basis for class treatment and relief; disputes about proof, scope, or certification standards are properly addressed later under Rule 23.

9.      Counsel for Plaintiffs conferred with counsel for Defendants regarding this Motion. Defendants do not consent to the relief requested.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave for Plaintiffs to file the proposed Second Amended Complaint (**Exhibit A**).

Respectfully Submitted,

KLAMANN & SCHERMERHORN, PA

By: /s/ *Andrew Schermerhorn*
Andrew Schermerhorn, MO 62101
4435 Main Street, Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
ajs@klamannlaw.com

Paul D. Anderson, MO 65354
The Popham Law Firm, PC
712 Broadway Blvd., #100
Kansas City, Missouri 64105
P: (816) 221-2288
F: (816) 221-3999

3

paul@pophamlaw.com

***ATTORNEYS FOR PLAINTIFFS***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing on January 13, 2026, with the Clerk of the Court by using the CM/ECF system.

*/s/ Andrew Schermerhorn*
Attorney for Plaintiffs

4