# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### KANSAS CITY

| | | |
|---|---|---|
| CHRISTOPHER VICK, et al., individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) | Case No.: 4:25-cv-00739-DGK |
| v. | ) ) | |
| FRESH GREEN, LLC, et al., | ) ) | Removed from Jackson County Circuit Court Case No. 2516-CV18924 |
| Defendants. | ) ) | |

## Response to Plaintiffs' Motion to Amend Complaint to Redefine the Class

Plaintiffs seek leave to amend their petition to redefine the putative class only to Missouri citizens. If leave is granted, the plaintiffs "intend to file a renewed motion to remand based on the amended class allegations." ECF 27 at 1 n.1.

Plaintiffs seek leave to amend because they believe narrowing the class eliminates CAFA jurisdiction. That belief is incorrect. The recent Supreme Court case Plaintiffs cite addressed federal-question removal, *not* CAFA. And CAFA's text explicitly locks in class citizenship as of the pleading that established federal jurisdiction. In this case, that is the First Amended Class Action Petition. ECF 1-1. No amendment to class citizenship may be considered to deprive this Court of CAFA jurisdiction. Accordingly, Plaintiffs' motion should be denied.

## 1. *Royal Canin* did not mention CAFA, and Eighth Circuit law remains unchanged.

The Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25–26 (2025), addressed federal-question removal. The Court held that when a defendant removes on federal-question grounds involving both federal and state

claims, a post-removal amendment deleting all federal claims may strip a federal court of supplemental jurisdiction over the remaining state claims. *Id.* Remand then becomes mandatory.

But this case was removed under CAFA, not federal-question jurisdiction. *Royal Canin* never mentioned CAFA or any exception to it. *See Zurbriggen v. Twin Hill Acquisition Co., Inc.*, No. 1:17-CV-5648, 2025 WL 1092973, at n.4 (N.D. Ill. Apr. 11, 2025) ("First, while *Royal Canin* held that post-removal amendment of a complaint to remove all federal claims defeats subject-matter jurisdiction predicated on 28 U.S.C. §§ 1331 and 1367, it never addressed § 1332(d)—the basis for this Court's jurisdiction.").

Eighth Circuit authority on CAFA remains controlling. Importantly, it holds that under CAFA, "the concept of redefining a class to trigger the local-controversy exception seems to violate § 1332(d)(7), which says that for purposes of the local-controversy exception, class citizenship must be determined as of the date of the pleading giving federal jurisdiction." *Hargett v. RevClaims*, 854 F.3d 962, 967 (8th Cir. 2017); *see also Hargis v. Access Capital Funding*, 674 F.3d 783, 789–90 (8th Cir. 2012) ("The district court correctly denied Hargis's motion to remand to state court … Hargis's First Amended Complaint redefined her class as consisting of only Missouri plaintiffs, but her original complaint controls this determination, as it was the operative complaint at the time of removal.").

28 U.S.C. § 1332(d)(7) does not say citizenship "should" be determined as of the date of pleading giving federal jurisdiction; Congress mandated that it "shall be".

*Bufkin v. Collins*, 604 U.S. 369, 379 (2025) ("It is undisputed that the word 'shall' imposes a mandatory command. 'Shall' means 'must.'") (citations omitted).

### 2. CAFA looks at citizenship of the class in the pleading that established CAFA jurisdiction.

Plaintiffs argue that, after *Royal Canin*, "federal jurisdiction now depends on the operative complaint *after amendment*." ECF 27 at 1. They cite § 1332(d)(7) as providing that "[c]itizenship of the members of the proposed plaintiff classes shall be determined ... as of the date of filing of the complaint or amended complaint." ECF 27 at 1 (quoting § 1332(d)(7)). But Plaintiffs omit the second clause, one that changes the first clause's meaning.

Section 1332(d)(7), in full, states:

> Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint, *or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction.*

(Emphasis added).

The phrase "complaint or amended complaint" in the first clause refers to whichever pleading establishes CAFA jurisdiction, not any later amendment (as plaintiffs would argue). The second clause confirms this. It provides that if the *initial* pleading—referring to the "complaint or the amended complaint" in the first clause—is not subject to federal jurisdiction, citizenship is determined when a later amended pleading is.

That second clause would mean nothing under Plaintiffs' reading. The second clause says citizenship is determined "as of the date of service" of an amended pleading "indicating the existence of Federal jurisdiction," but only "if the case stated by the initial pleading is not subject to Federal jurisdiction." 28 U.S.C. § 1332(d)(7). That condition only makes sense if the first clause's reference to "complaint or amended complaint" means whichever pleading establishes federal jurisdiction, not any subsequent amendment filed in federal court. If any amended complaint could reset the citizenship analysis, Congress would not have carved out the specific situation where the initial pleading fails to establish jurisdiction.

The carve-out exists because the first clause locks in citizenship once a pleading establishes CAFA jurisdiction. Later amendments cannot undo that determination.

Here, the First Amended Class Action Petition, filed in state court, was subject to federal jurisdiction under CAFA. *See* ECF 14 at 3. ("Because Plaintiffs conceded the truth of Grassroots' allegations, minimal diversity exists and retaining jurisdiction under CAFA is proper."). Section 1332(d)(7) fixes citizenship as of that date.

### 3.     The Ninth Circuit's decision is not binding.

Plaintiffs also cite a post-*Royal Canin* case from the Ninth Circuit. *See Faulk v. JELD-WEN, Inc.*, 159 F.4th 618 (9th Cir. 2025).

First, "this Court relies almost exclusively upon binding legal authority from the Eighth Circuit or Supreme Court" because there "are few issues that come before this Court that the Eighth Circuit or Supreme Court have not addressed." *See Judge*

*Kays' Initial Standing Order for All Civil Cases*, ECF 4 at 3. The Eighth Circuit has addressed this issue. *Royal Canin* (which affirmed the Eighth Circuit) does not change that.

Second, *Faulk* is easily distinguishable. In *Faulk*, the plaintiffs eliminated their class allegations entirely, converting the case to an individual action. 159 F.4th at 621. Here, Plaintiffs are not eliminating the class. They instead seek to redefine it to manipulate the citizenship of the class members. *Faulk* did not address these circumstances or the text of section 1332(d)(7) at all.

## 4.    Conclusion

Plaintiffs' seek to narrow the putative plaintiff class only to subsequently seek remand, but CAFA's text explicitly provides that plaintiff class citizenship is determined by the pleading that established CAFA jurisdiction. Plaintiffs do not point to any binding authority suggesting otherwise. Plaintiffs' proposed amendment would not result in remand and suggests no other changes to the operative pleading. Accordingly, Plaintiffs' motion should be denied.

By: s/ *Madeline L. Mann*
Eric M. Walter     #47297
Paul Brusati     #67975
Nicholas D. Slovikoski    #73019
Madeline L. Mann    #78084
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105 and
2345 Grand Blvd Ste 1500, Kansas
City, MO 64108
(314) 621-5070
(314) 621-5065 (facsimile)
ewalter@atllp.com
pbrusati@atllp.com
nslovikoski@atllp.com
mlmann@atllp.com

*Attorneys for Defendants Grassroots
OpCo MO, LLC and Vertical Enterprise,
LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via the court's electronic filing system on January 22, 2026.

_s/ Madeline L. Mann_