IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER VICK, et al., Individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:25-cv-00739-DGK ) |
| FRESH GREEN, LLC, et al., and JOHN DOE DISPENSARIES 1–215, | ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING PLAINTIFFS' LEAVE TO AMEND TO REDEFINE THE CLASS

This is a putative class action that was originally filed in the Circuit Court of Jackson County, Missouri. Missouri Plaintiffs Christopher Vick, Bridget Biersmith, Ryan Russell, Joshua Holman, and Jordan Damewood seek to certify a Plaintiff and a Defendant class and allege claims under Missouri law against seven named Missouri marijuana dispensaries and 215 John Doe dispensaries. Defendants removed the case from Jackson County to this Court pursuant to 28 U.S.C. § 1453(b), alleging federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). ECF No. 1. Plaintiffs moved to remand to the Circuit Court of Jackson County under CAFA's local-controversy and home-state exceptions. ECF No. 6; *see* 28 U.S.C. § 1332(d)(4)(A)–(B). The Court stayed proceedings pending its ruling on the Motion to Remand. ECF No. 23. The Court further ordered the parties to file a joint proposal for expedited discovery limited to the question of Plaintiff Class member citizenship. ECF No. 24. The parties have done so. ECF No. 28.

Now before the Court is Plaintiffs' Motion to Amend Complaint to Redefine the Class. ECF No. 27. This would be Plaintiffs' Second Amended Complaint. Plaintiffs seek to limit the

1

class to "citizens of the state of Missouri" and readily inform the Court in their briefing that so limiting the class would defeat CAFA jurisdiction and require remand to state court. ECF No. 30 at 7. They intend to renew their Motion to Remand if the Court grants leave to file an amended complaint. ECF No. 27 at 1 n.1. Defendants oppose the pending Motion to Amend. ECF No. 29. For the reasons stated below, Plaintiffs' Motion to Amend is GRANTED.

**Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A district court may deny leave to amend only when there is "undue delay, bad faith or dilatory motive" by the movant, "undue prejudice to the opposing party," or "futility." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). "In the context of motions to amend a class definition, futility is determine[d] [by] whether the proposed class could be certified [under Rule 23]." *Irvine v. Johnson*, No. 4:21-CV-04224-KES, 2024 WL 4766373, at *3 (D.S.D. Nov. 13, 2024) (alterations in original) (citations omitted).

**Discussion**

Plaintiffs assert their proposed amendment would provide "clarity and manageability and . . . ensure the case proceeds consistently with [their] intended class theory." ECF No. 27 at 2. "The proposed Second Amended Complaint refines and narrows the proposed class definition to ensure the case proceeds on the claims Plaintiffs actually intend to litigate." *Id.* at 1. Plaintiffs argue Defendants would not be prejudiced by the amendment because "[a] clarified class definition does not inject new factual predicates; it identifies who is included in the class and thus what discovery and certification issues matter." *Id.* at 3. Plaintiffs also seek to avail themselves of the

2

rule recently articulated by the Supreme Court (affirming the Eighth Circuit[1]) that "federal jurisdiction now depends on the operative complaint *after amendment*." *Id.* at 1; *see Royal Canin, U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says."). Under this rule, Plaintiffs' Second Amended Complaint would be the operative complaint and would therefore determine jurisdiction, which, in this case, would lead to mandatory remand to state court under CAFA. *See* 28 U.S.C. § 1332(d)(4)(A)–(B).

Defendants oppose the motion. The bulk of Defendants' opposition brief distinguishes *Royal Canin*, which was not a CAFA case, and addresses Eighth Circuit CAFA caselaw, which indicates that courts are to determine jurisdiction based on the operative complaint at the time of removal, not on post-removal amendments. *See, e.g.*, *Hargett v. RevClaims, LLC*, 854 F.3d 962, 966–67 (8th Cir. 2017); *Hargis v. Access Cap. Funding, LLC*, 674 F.3d 783, 789–90 (8th Cir. 2012). Ultimately, Defendants argue a complaint amended post-removal cannot deprive a federal court of jurisdiction in the CAFA context. ECF No. 29 at 1. Defendants appear to advance an argument of futility, concluding their brief, "Plaintiffs' proposed amendment would not result in remand and suggests no other changes to the operative pleading. Accordingly, Plaintiffs' motion should be denied." ECF No. 29 at 5.

Defendants' opposition to amendment fails. As noted above, "[i]n the context of motions to amend a class definition, futility is determine[d] [by] whether the proposed class could be certified [under Rule 23]." *Irvine v. Johnson*, 2024 WL 4766373, at *3. Defendants make no argument on this score. They argue that the Court should not consider a post-removal amended complaint when ruling on Plaintiffs' eventual motion to remand, but this is not an argument against

---

[1] *See Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 920 (8th Cir. 2023), *aff'd*, 604 U.S. 22 (2025).

amendment itself. And while the Eighth Circuit instructs district courts to scrutinize motions to amend if amendment seems to aim at defeating federal jurisdiction, this caution normally applies to joinder of parties "with little connection with any of the events set out in the original complaint." *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992); *see also Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) ("The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. . . . [T]he Court is required to consider . . . the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction . . . ." (alternation in original) (citations omitted)).

Here, Plaintiffs' amendment would have the effect of excluding potential plaintiffs with the same injury as the proposed Missouri-citizen-only class, not adding parties "with little connection" to the allegations. Defendants do not allege that this will prejudice them or that Plaintiffs are trying to delay. And there is no allegation or indication of bad faith: Plaintiffs state clearly their intent only to form a class of Missouri citizens to challenge Missouri dispensaries under Missouri law.

"The plaintiff is the master of the complaint, and therefore controls much about her suit. She gets to determine which substantive claims to bring against which defendants. . . . And the plaintiff's control over those matters extends beyond the time her first complaint is filed." *Royal Canin*, 604 U.S. at 35 (citation and internal quotation marks omitted). Defendants have not shown the amended complaint is the product of undue delay, bad faith or dilatory motive, that it will prejudice Defendants or is futile. Therefore, there no basis for denying the amendment.

## Conclusion

Accordingly, Plaintiffs' Motion for Leave to Amend and file a Second Amended

4

Complaint is GRANTED.

Plaintiffs have indicated they intend to renew their Motion for Remand upon filing their Second Amended Complaint. The parties have already partially addressed remand in their arguments on this motion to amend. The Court therefore sets the following expedited briefing schedule for Plaintiffs' motion to remand:

- Plaintiffs' Motion to Remand and Suggestions in Support due February 5, 2026.

- Defendants Opposition Brief due February 10, 2026.

- Plaintiffs' Reply Brief due February 13, 2026.

The parties should not simply repeat the arguments they made on this motion. The Court is aware of them and will consider them in its remand ruling. The parties should confine their briefs to the question of whether the Second Amended Complaint with its Missouri-citizen-only class supersedes the First Amended Complaint for purposes of the Court's CAFA jurisdiction analysis. In doing so, the parties should only present arguments or binding authority they have not already presented.

**IT IS SO ORDERED.**

Date:  February 3 , 2026   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT