# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

CHRISTOPHER VICK, et al., individually
and on behalf of all others similarly situated,

    Plaintiffs,

vs.

FRESH GREEN, LLC, et al., and JOHN DOE
DISPENSARIES 1-215,

    Defendants.

Case No. 4:25-cv-00739-DKG

Removed from Jackson County Circuit
Court Case No. 2516-CV18924

## SECOND AMENDED CLASS ACTION PETITION

COMES NOW Plaintiffs Christopher Vick, Bridget Biersmith, Ryan Russell, Joshua Holman, and Jordan Damewood, individually and on behalf of all others similarly situated, by and through undersigned counsel, and for their Class Action Petition against Defendants state as follows:

## NATURE OF THE CASE

1. This case challenges the unlawful and unconstitutional collection of a 3% county sales tax on adult-use marijuana transactions that occurred within municipalities which had separately enacted and imposed their own 3% marijuana sales tax. In *Robust Missouri Dispensary 3, LLC v. St. Louis County, Missouri, et al.*, No. SC100898, the Missouri Supreme Court unequivocally held that Article XIV, Section 2.6(5) of the Missouri Constitution authorizes *either* a county *or* a municipality—but not both—to impose a sales tax on retail sales of adult-use marijuana, and only if the dispensary is located within its jurisdiction and the tax was approved by voters. Yet, in disregard of this

limitation, Defendant marijuana dispensaries collected and remitted both taxes, unlawfully overcharging consumers across the State. Plaintiffs, as members of the public who were charged this illegal tax, bring this class action to recover the overcharges and secure relief under Missouri law. Although the Defendant dispensaries collected and remitted the unlawful county taxes to the Missouri Department of Revenue ("MDOR"), they have not yet been refunded any portion of those unconstitutional overcharges. Plaintiffs do not seek to compel MDOR to issue such refunds in this action. Rather, Plaintiffs seek equitable relief to preserve the rights of those purchasers from whom the unlawful taxes were collected. Specifically, Plaintiffs seek to ensure that any funds ultimately returned by the State are not wrongfully retained by dispensaries and that purchasers are not denied restitution based on the dispensaries' procedural failure to refund them. Without judicial intervention, the constitutional protections announced by the Missouri Supreme Court will be rendered meaningless for the very citizens they were intended to protect.

2.      As Judge Michael A. Wolff emphasized in his concurring opinion in *Shelter Mut. Ins. Co. v. Director of Revenue*, "[t]axpayers who collect sales tax from customers hold those taxes in trust for the state and are obligated to return unlawfully collected taxes to those customers once refunded by the Department of Revenue." 107 S.W.3d 919, 924 (Mo. 2003). This equitable obligation exists independently of any statutory mandate and arises from the fiduciary nature of the tax collection relationship. Although the Department of Revenue has not yet issued refunds to the dispensaries, Plaintiffs seek equitable relief to preserve the rights of consumers and to ensure that any such funds ultimately returned by

the Department are not unjustly retained by the Defendant dispensaries in violation of their fiduciary duty to their customers.

3. Plaintiffs therefore assert claims for unjust enrichment, money had and received, violations of the Missouri Merchandising Practices Act ("MMPA"), declaratory and injunctive relief, constructive trust, and accounting.

## THE PARTIES

4. Plaintiff Christopher Vick is a resident of Jackson County, Missouri, and purchased marijuana products from Defendant Fresh Green, LLC on or around December 16, 2023, March 21, 2024, and September 17, 2024, paying the 3% unconstitutional sales tax.

5. Plaintiff Bridget Biersmith is a resident of Jackson County, Missouri, and purchased marijuana products from Defendant Vertical Enterprise, LLC on or around May 21, 2025, paying the 3% unconstitutional sales tax.

6. Plaintiff Ryan Russell is a resident of Clay County, Missouri, and purchased marijuana products from Defendant OXD 19341, LLC (aka, From the Earth Dispensary) on or around October 2024, paying the 3% unconstitutional sales tax. Additionally, Plaintiff Russell purchased marijuana products from Defendant DB Health Retail 3, LLC (aka, Flora Farms) on or around May 3, 2025, and May 16, 2025, paying the 3% unconstitutional sales tax.

7. Plaintiff Joshua Holman is a resident of Boone County, Missouri, and purchased marijuana products from Defendant BBMO 3, LLC (aka, Hippos Marijuana Dispensary) on or around June 10, 2025, paying the 3% unconstitutional sales tax.

3

8.     Plaintiff Jordan Damewood is a resident of Phelps County, Missouri, and purchased marijuana products from Defendant Grassroots OpCo MO, LLC (aka, Green Light Dispensary) on or around June 18, 2025, paying the 3% unconstitutional sales tax. Plaintiff Damewood also purchased marijuana products from Defendant Nature's Health and Wellness, LLC (aka, Trinity) on or around April 11, 2025, paying the 3% unconstitutional sales tax.

9.     Defendant Fresh Green, LLC is a Missouri-licensed retail marijuana dispensary operating in Jackson County, Missouri, located at 7130 Wornall Road, Kansas City, Missouri 64114.

10.     Defendant Vertical Enterprise, LLC is a Missouri-licensed retail marijuana dispensary operating in Buchanan County, Missouri, located at 908 N. Belt Hwy, St. Joseph, Missouri 6506.

11.     Defendant OXD 19341, LLC is a Missouri-licensed retail marijuana dispensary operating in Jackson County, Missouri, located at 19341 E US Highway 40, Independence, Missouri 64055.

12.     Defendant BD Health Retail 3, LLC is a Missouri-licensed retail marijuana dispensary operating in Jackson County, Missouri, located at 510 SW 3rd St., Lee's Summit, Missouri 64030.

13.     Defendant BBMO 3, LLC is a Missouri-licensed retail marijuana dispensary operating in Boone County, Missouri, located at 2500 Broadway Bluffs Dr. #102, Columbia, Missouri 65201.

4

14.     Defendant Grassroots OpCo MO, LLC is a Missouri-licensed retail marijuana dispensary operating in Taney County, Missouri, located at 201 S. Wildwood, Dr., Branson, Missouri 65616.

15.     Defendant Nature's Health and Wellness, LLC is a Missouri-licensed retail marijuana dispensary operating in Phelps County, Missouri, located at 205 State Route B, Saint James, Missouri 65559.

16.     John Doe Dispensaries 1-215 are other dispensaries in Missouri that collected the unconstitutional tax and may receive or retain refunds of those funds.

17.     Collectively, defendant dispensaries (the "Defendant Class") all acted the same by collecting the 3% sales tax.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction pursuant to Mo. Const. art. V, § 14 and RSMo § 478.070.

19.     Venue is proper under RSMo § 508.010.4 because this action alleges a tort in which Plaintiff Christopher Vick was first injured in Jackson County, Missouri by the acts or conduct alleged herein.

## FACTUAL ALLEGATIONS

20.     Defendant dispensaries are licensed retailers of marijuana products in the state of Missouri.

21.     At all relevant times, the Defendant dispensaries charged a 3% county-wide sales tax on retail sales of adult-use marijuana to consumers, including Plaintiffs and members of the Plaintiff Class.

5

22.     Plaintiffs, and each member of the Plaintiff Class, purchased adult-use marijuana products from one or more Defendant dispensaries and paid the 3% county-wide sales tax as part of the total purchase price.

23.     These taxes were collected by the Defendant dispensaries and remitted to the Missouri Department of Revenue.

24.     On July 22, 2025, the Missouri Supreme Court held that the imposition of a 3% county-wide sales tax on adult-use marijuana, in addition to a municipal sales tax on the same retail transaction, violated Article X, § 26(a) of the Missouri Constitution because it was not "authorized by law." The Court reasoned that Amendment 3, which legalized adult-use marijuana in Missouri, granted taxing authority to either a county or a municipality, but not both, and only if a dispensary is located within that jurisdiction and the tax is approved by voters. Accordingly, any 3% marijuana sales tax collected by Defendant dispensaries within municipalities that separately enacted their own 3% marijuana sales tax constitutes an unlawful double taxation.

25.     As a result of this ruling, the county-wide sales taxes collected from Plaintiffs and the Plaintiff Class were unlawful and constitute overcharges.

26.     Plaintiffs and the Plaintiff Class are entitled to restitution of the full amount of these overcharges, which the Defendant dispensaries unlawfully collected and remitted to the Department of Revenue.

27.     Plaintiffs bring this action to seek equitable relief and recovery of those unlawfully collected taxes, to the extent they are refunded by the Department of Revenue or otherwise retained by the Defendant dispensaries.

6

# CLASS ACTION ALLEGATIONS

## Plaintiff Class Allegations

28.    Plaintiffs bring this action on behalf of a class defined as:

> All persons who, as of June 13, 2025, were citizens of the State of Missouri, and who, during the period from December 8, 2022 to the present, purchased adult-use marijuana from any Defendant Dispensary in the state of Missouri and were charged and paid a 3% county-wide sales tax that has been held unconstitutional by the Missouri Supreme Court.

> Excluded from the Plaintiff Class are any Defendant and any parent, affiliate, subsidiary, or entity in which any Defendant has controlling interest; any officer, director, employee, legal representative, heir, successor, or assign of any Defendant; the judge assigned to this case and members of the judge's immediate family; Class counsel and their employees, partners, and immediate family members.

29.    The Plaintiff Class consists of thousands of consumers across Missouri who purchased adult-use marijuana from Missouri-licensed dispensaries and were charged a 3% county-wide sales tax on those purchases. The class is so numerous that joinder of all individual plaintiffs would be impracticable.

30.    There are common questions of law and fact that predominate over any questions affecting only individual members. These common issues include, but are not limited to:

a.  Whether the 3% county tax was unlawfully collected;

b.  Whether the Defendant Class collected and remitted this tax;

c.  Whether Plaintiff Class members are entitled to restitution of the amounts paid;

d.  Whether Defendants have a duty to return any refunds received from the Missouri Department of Revenue;

e.  Whether Defendants violated the MMPA;

7

f.  The proper method for equitably distributing refunds or restitution among Plaintiff Class members; and

g.  Whether Defendants were unjustly enriched by collecting or retaining the tax.

31.  The claims of the named Plaintiffs are typical of the claims of the class as a whole. Like all class members, Plaintiffs were charged and paid the 3% county-wide sales tax on a qualifying purchase of adult-use marijuana from a Missouri dispensary.

32.  Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no conflicts of interest with other members of the Plaintiff Class and have retained experienced counsel who will vigorously represent the class's interest.

33.  Class certification is appropriate under Rule 52.08(b)(1)(A) and (B) because prosecuting separate actions would create a risk of inconsistent adjudications and would impair or impede the ability of class members to protect their interests. This action also seeks relief from a common fund—the tax refunds held or to be obtained by Defendant dispensaries from the Missouri Department of Revenue—making class treatment necessary and appropriate.

34.  A class action is superior to other methods for fairly and efficiently adjudicating this controversy. *See Hale v. Wal-Mart Stores, Inc.*, 231 S.W.3d 215, 222 (Mo. App. 2007) (class action proper where common issues predominate and class treatment superior to other methods). The amounts at stake for individual class members are small relative to the costs of prosecuting individual actions, and class treatment will ensure that relief is distributed equitably and consistently.

8

35.    The Plaintiff Class is readily ascertainable from Defendants' transactional records, including receipts, point-of-sale data, and purchase logs, which show which customers paid the challenged 3% county-wide sales tax on adult-use marijuana.

<u>**Defendant Class Allegations**</u>

36.    There are over 200 state-licensed marijuana dispensaries operating in Missouri. The proposed Defendant Class consists of all such dispensaries that collected and remitted a 3% county-wide tax on retail sales of adult-use marijuana. Because of the large number of such entities, joinder of all individual defendants is impracticable.

37.    The Defendant Class is so numerous that it satisfies the numerosity requirement, making class certification appropriate.

38.    All members of the Defendant Class are alleged to have participated in the same conduct—collecting and remitting a 3% county tax that was later declared unconstitutional. Each dispensary's conduct in collecting the tax occurred under materially identical legal conditions and statutory authority. As such, there are questions of law and fact common to all members of the Defendant Class, including:

    a.    Whether the 3% county tax was unlawfully collected;

    b.    Whether Defendants are obligated to refund or return those amounts;

    c.    Whether Defendants should hold such funds in constructive trust for consumers; and

    d.    Whether refunds issued by the Missouri Department of Revenue must be distributed to the consumers from whom the tax was originally collected.

9

39.     Any defenses asserted by the named Defendants would likewise be typical of the defenses available to other members of the Defendant Class, satisfying the typicality requirement of Rule 52.08.

40.     Defendant Vertical Enterprise, LLC, Defendant Fresh Green, LLC, Defendant OXD 19341, LLC, Defendant DB Health Retail 3, LLC, Defendant BBMO 3, LLC, Defendant Grassroots OpCo MO, LLC, and Defendant Nature's Health and Wellness, LLC, are members of the proposed Defendant Class and have interests that are aligned with those of the class as a whole. These Defendants will fairly and adequately protect the interests of the Defendant Class and are represented by competent counsel experienced in class action litigation, thereby satisfying the adequacy requirement.

41.     Certification of the Defendant Class is appropriate under Rule 52.08(b)(1) because prosecuting separate actions would create a risk of inconsistent adjudications. Certification is also proper under Rule 52.08(b)(2) because final declaratory and injunctive relief is sought with respect to the Defendant Class as a whole, including relief that would determine the rights and obligations of the class as to Plaintiffs' claims for restitution, disgorgement, and refund allocation.

42.     The claims at issue relate to centralized tax collection and refund processes that can only be addressed effectively through a class-wide resolution. Absent certification of the Defendant Class, a piecemeal approach to litigation would frustrate the efficient administration of justice and risk conflicting judgments concerning the appropriate disposition of tax refunds received from the Department of Revenue.

## COUNT I
## UNJUST ENRICHMENT

43.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

44.     Defendants collected an unlawful 3% county-wide sales tax from Plaintiffs and members of the Plaintiff Class in connection with the sale of adult-use marijuana.

45.     The collection of this 3% tax was not authorized by the Missouri Constitution or any valid statute or ordinance and has been declared unconstitutional and void.

46.     Plaintiffs and the Plaintiff Class conferred a benefit on Defendants by paying these overcharges, which Defendants accepted and retained.

47.     Defendants retained the benefit of these overcharges under circumstances that make it unjust and inequitable for them to do so, particularly given that the payments were obtained through an unlawful tax and at the direct expense of Plaintiffs and the Class.

48.     Defendants have been unjustly enriched at the expense of Plaintiffs and the Plaintiff Class.

49.     Plaintiffs and the Class are entitled to restitution in the amount of the unjust enrichment retained by Defendants, including all amounts collected through the unlawful 3% tax.

## COUNT II
## MONEY HAD AND RECEIVED

50.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

51.     Plaintiffs and members of the Plaintiff Class conferred money upon Defendants in the form of payments for adult-use marijuana purchases, which included an additional 3% county-wide tax unlawfully collected at the point of sale.

52.     The 3% tax charged and collected by Defendants was not authorized by the Missouri Constitution, statute, or any lawful ordinance, and has since been declared unconstitutional and invalid.

53.     The tax was collected by Defendants for their own benefit or on behalf of the State and/or local governments but was nonetheless paid by Plaintiffs and the Plaintiff Class from their own funds.

54.     Defendants have no legal or equitable right to retain these unlawfully collected funds, and their continued possession of such funds constitutes unjust enrichment.

55.     Under the principles of equity and good conscience, Defendants should not be permitted to retain the money paid by Plaintiffs and the Plaintiff Class for an unlawful and unconstitutional tax.

56.     Plaintiffs and the Plaintiff Class are entitled to restitution in the amount of the overcharges collected and retained by Defendants. *See Ward v. Luck*, 242 S.W.3d 473, 476 (Mo. App. 2008).

## COUNT III
## VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

57.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

58. The Missouri Merchandising Practices Act ("MMPA"), § 407.010 et seq., RSMo., prohibits the use of deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

59. At all relevant times, Defendants were engaged in trade or commerce by operating marijuana dispensaries and selling adult-use marijuana to consumers in the state of Missouri, including to Plaintiffs and the members of the Plaintiff Class.

60. Plaintiffs and the members of the Plaintiff Class are "persons" and "consumers" within the meaning of the MMPA who purchased "merchandise" as defined in § 407.010, RSMo.

61. Defendants represented that a 3% county-wide sales tax was properly due on retail purchases of adult-use marijuana. This representation was false and misleading.

62. Defendants' collection of this unauthorized 3% tax was deceptive, unfair, and constituted an unlawful practice under the MMPA because:

   a. the tax was not authorized by the Missouri Constitution or any lawful ordinance;

   b. Defendants failed to disclose that the tax was being collected unlawfully;

   c. Defendants concealed or suppressed the true nature of the charge; and

   d. Plaintiffs and the Class were misled into believing that the 3% tax was valid and lawfully imposed.

13

63. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the members of the Class suffered ascertainable loss, including the payment of unlawful taxes at the point of sale.

64. Plaintiffs and the Class seek all remedies available under the MMPA, including:

      a. actual damages;

      b. punitive damages;

      c. injunctive relief prohibiting further unlawful conduct;

      d. attorneys' fees and costs; and

      e. any other relief deemed just and proper.

**COUNT IV**
**DECLARATORY AND INJUNCTIVE RELIEF**

65. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

66. Defendants collected a 3% county-wide sales tax on the sale of adult-use marijuana from Plaintiffs and the Plaintiff Class which has been declared unconstitutional and unauthorized under Missouri law.

67. Plaintiffs seek a declaration from this Court that the 3% county-wide tax collected by Defendants was unlawful, and that the amounts collected belonged to the purchasers and must be returned to them.

14

68.     Plaintiffs further seek a declaration that any funds refunded or credited by the Missouri Department of Revenue to Defendants that were originally paid by purchasers as part of this unlawful tax must be held in trust for the benefit of those purchasers.

69.     Plaintiffs also seek an order enjoining Defendants from retaining, using, or disposing of any such refunded funds without first distributing them to the Plaintiffs and the Plaintiff Class under Court supervision.

70.     Plaintiffs are entitled to declaratory and injunctive relief pursuant to Mo. Ann. Stat. § 527.010 and Rule 92 of the Missouri Rules of Civil Procedure and applicable equitable principles to ensure the preservation and restitution of funds rightfully belonging to the Plaintiff Class.

71.     Without such relief, Plaintiffs and the Class face a substantial risk of irreparable harm, including the risk that Defendants will retain and/or dissipate funds refunded to them by the Missouri Department of Revenue that are owed to Plaintiffs.

72.     Plaintiffs have no adequate remedy at law and seek entry of appropriate declaratory and injunctive orders to protect their rights and ensure the equitable administration of any tax refunds obtained by Defendants.

**COUNT V**
**CONSTRUCTIVE TRUST**

73.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

74.     Defendants collected from Plaintiffs and the Plaintiff Class a 3% county-wide sales tax on the retail sale of adult-use marijuana.

15

75.     The 3% county-wide tax was unconstitutional and unlawfully imposed, and the tax amounts collected from Plaintiffs and the Class therefore constitute overcharges to which Defendants had no legal or equitable entitlement.

76.     Defendants remitted the unlawfully collected taxes to the Missouri Department of Revenue, and, upon information and belief, have filed or intend to file refund claims under R.S.Mo. § 144.190 seeking repayment of those funds.

77.     Any amounts refunded or credited by the Missouri Department of Revenue to Defendants in connection with the unconstitutional 3% county-wide marijuana tax are, in equity and good conscience, the property of Plaintiffs and the Class.

78.     Defendants would be unjustly enriched if permitted to retain, control, or dispose of any portion of the refunded tax overcharges without returning such funds to the consumers from whom they were unlawfully collected.

79.     Plaintiffs and the Class have no adequate remedy at law to ensure that such funds are returned to them, and seek the imposition of a constructive trust over all amounts refunded to Defendants by the Missouri Department of Revenue that arise from the 3% county-wide marijuana sales tax.

80.     Plaintiffs are entitled to an order imposing a constructive trust over any such refund or credit amounts, and requiring Defendants to hold such funds in trust for the benefit of Plaintiffs and the Class, and to account for and distribute those funds in a manner approved by the Court. *See Fix v. Fix*, 847 S.W.2d 762, 765 (Mo. 1993).

## COUNT VI
## ACCOUNTING

81.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

82.    Plaintiffs and the Plaintiff Class paid a 3% county-wide sales tax on purchases of adult-use marijuana products from the Defendant dispensaries.

83.    The 3% county-wide sales tax was not lawfully imposed and has been declared unconstitutional by the Missouri Supreme Court.

84.    Defendant dispensaries collected and remitted the unconstitutional 3% tax to the Missouri Department of Revenue.

85.    Plaintiffs and the Class have a vested equitable and legal interest in the tax monies wrongfully collected from them by Defendants.

86.    Upon information and belief, Defendants are pursuing, or will pursue, refund claims from the Missouri Department of Revenue pursuant to R.S.Mo. § 144.190, seeking repayment of the unlawfully collected county taxes.

87.    If and when the Missouri Department of Revenue issues such refunds, Defendants will be in possession of funds belonging, in equity and good conscience, to Plaintiffs and the Class.

88.    Plaintiffs are entitled to a full and accurate accounting from Defendants to determine:

      a.   The total amount of county sales tax collected by each Defendant from Class members;

b. The total amount of such tax each Defendant remitted to the Missouri Department of Revenue;

c. The amount of refund claims submitted by each Defendant to the Missouri Department of Revenue;

d. The amount of any refunds or credits issued or to be issued by the Missouri Department of Revenue to Defendants in connection with such tax collections; and

e. The disposition or intended disposition of any such refunds by Defendants.

89.     Without a full and accurate accounting, Plaintiffs and the Class are unable to determine the scope of the funds wrongfully collected or the extent to which Defendants have been or will be unjustly enriched.

90.     Plaintiffs respectfully request that the Court order Defendants to provide a full and complete accounting of all amounts collected, remitted, and refunded relating to the 3% county-wide tax on adult-use marijuana sales, and to identify all amounts subject to restitution to Plaintiffs and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Plaintiff Class defined herein, respectfully requests that the Court enter judgment in their favor and against the Defendant Class, and grant the following relief:

1. **Certification** of the Plaintiff Class and the Defendant Class pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure, including appointment of class representatives and class counsel;

2. **Declaratory Relief**, declaring that:

   - The 3% county-wide sales tax imposed and collected on adult-use marijuana purchases was unlawful and unconstitutional;

   - Plaintiffs and the Plaintiff Class are entitled to restitution of all such taxes paid;

   - Any tax refunds issued by the Missouri Department of Revenue to members of the Defendant Class on account of the unconstitutional tax are held in trust for the benefit of Plaintiffs and the Plaintiff Class;

3. **Injunctive Relief**, enjoining members of the Defendant Class from retaining or using any such refunded monies for any purpose other than to reimburse purchasers who paid the tax;

4. **Restitution**, in the form of disgorgement or other equitable relief, requiring members of the Defendant Class to return to Plaintiffs and the Plaintiff Class all amounts paid by them as county-level sales tax on adult-use marijuana transactions;

5. **Imposition of a Constructive Trust** over any funds already refunded or to be refunded to Defendant Class members by the Missouri Department of Revenue relating to the 3% county tax;

6. **An Order for an Accounting** to determine the total amount collected by each Defendant Class member from Plaintiff Class members and to trace the disposition of such funds;

7. **Monetary damages**, including damages for violations of the Missouri Merchandising Practices Act, unjust enrichment, and any other applicable cause of action, in an amount to be determined at trial;

8. **Pre-judgment and post-judgment interest** as permitted by law;

9. **An award of attorneys' fees, expenses, and costs** incurred in prosecuting this action, including pursuant to § 407.025 of the Missouri Merchandising Practices Act and other applicable law; and

10. **Such other and further relief** as the Court deems just, equitable, and proper under the circumstances.

Respectfully Submitted,

**THE POPHAM LAW FIRM, P.C.**
*/s/ Paul D. Anderson*
Paul D. Anderson, MO #65354
712 Broadway Blvd., #100
Kansas City, Missouri 64105
P: (816) 221-2288
F: (816) 221-3999
paul@pophamlaw.com

Andrew Schermerhorn, MO #62101
**KLAMANN & SCHERMERHORN, PA**
4435 Main Street, Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
ajs@klamannlaw.com

20

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served upon all counsel of record via ECF on February 3, 2026.

*/s/ Andrew Schermerhorn*
ATTORNEY FOR PLAINTIFFS