# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER VICK, et al.,<br>Individually and on behalf of all others<br>similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>FRESH GREEN, LLC, et al., and JOHN<br>DOE DISPENSARIES 1-215,<br><br>        Defendants. | Case 4:25-cv-00739-DGK<br><br><br>Removed from Jackson County Circuit Court<br>Case No. 2516-CV18924 |

## PLAINTIFFS' RENEWED MOTION TO REMAND
## WITH SUGGESTIONS IN SUPPORT

COMES NOW Plaintiffs Christopher Vick, et al., individually and on behalf of all others similarly situated, and respectfully move to remand this action to the Circuit Court of Jackson County, Missouri.

## I.      Introduction

The Court granted Plaintiffs leave to file a Second Amended Complaint ("SAC") redefining the proposed Plaintiff Class as Missouri citizens only and directed the parties to confine remand briefing to whether the SAC supersedes the First Amended Complaint ("FAC") for purposes of the Court's CAFA jurisdiction analysis. (ECF No. 31 p. 5.) The Court further advised that it is aware of—and will consider—the arguments and authorities presented in the briefing on Plaintiffs' motion to amend when ruling on Plaintiffs' Renewed Motion to Remand. (*Id.*)

Plaintiffs have now filed the SAC. (ECF No. 32.) Because an amended complaint supersedes prior pleadings and becomes the operative complaint, and because CAFA directs that class-member citizenship be determined "as of the date of filing of the complaint or amended

complaint," 28 U.S.C. § 1332(d)(7), the Court must assess CAFA jurisdiction from the SAC. The SAC defines the class as Missouri citizens as of the filing of the original complaint. That definition defeats CAFA minimal diversity. Accordingly, Plaintiffs respectfully request an order remanding this Action to the Circuit Court of Jackson County, Missouri.

## II.  Argument

### A.  The Second Amended Complaint supersedes the First Amended Complaint for jurisdictional purposes.

In the Eighth Circuit, an amended complaint supersedes all prior pleadings and becomes the sole operative complaint. *Allen v. Amsterdam*, 132 F.4th 1065, 1068 (8th Cir. 2025), cert. denied sub nom. *Brooks v. Allen*, No. 25-350, 2025 WL 3506998 (U.S. Dec. 8, 2025). Once an amended complaint is filed, the earlier complaint is "rendered devoid of legal effect." *Id.*; *see also In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (an amended complaint "renders the original complaint without legal effect").

That supersession rule carries particular force in the jurisdictional context. Nearly a century ago, the Eighth Circuit held that when a plaintiff voluntarily amends the pleading so that federal jurisdiction no longer exists, "it becomes the duty of the court to remand the case, if it be a removed case." *Highway Constr. Co. v. McClelland*, 15 F.2d 187, 188 (8th Cir. 1926) (per curiam). Consistent with that principle, the Eighth Circuit has repeatedly instructed that subject-matter jurisdiction must be assessed from the operative amended complaint. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("[F]ederal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint." (emphasis added)); *Wireless Tel.*, 396 F.3d at 928–29 (same). And most recently, the court reaffirmed that the *McClelland* remand rule—that if a plaintiff voluntarily amends the pleading to eliminate federal jurisdiction, the court must remand the removed case—"makes as much sense today as it did" when first announced.

2

*Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 924 (8th Cir. 2023), aff'd, 604 U.S. 22 (2025).

The Supreme Court then endorsed that same framework. In *Royal Canin*, it upheld *Wullschleger* and squarely held that a plaintiff's post-removal amendment can divest a federal court of subject-matter jurisdiction, explaining that when a plaintiff amends after removal, "a federal court's jurisdiction depends on what the new complaint says." 604 U.S. at 30. Applying that rule, the Court held the district court (which, as it happens, was the U.S. District Court for the Western District of Missouri) lost jurisdiction once the plaintiff amended to drop the federal claim that supplied federal-question jurisdiction. *Id.* The Court grounded its holding in the settled principle that the plaintiff is "the master of the complaint," who determines which claims to assert against which defendants—and thus establishes the jurisdictional basis of the suit. *Id.* at 35. And because an amended pleading supersedes the prior complaint, "jurisdiction follows from (and only from) the operative pleading." *Id.* at 35–36.

Although *Royal Canin* arose in the federal-question/supplemental-jurisdiction setting, the Court did not confine its analysis to those doctrines. It treated the rule as generally applicable, including in diversity cases, confirming that "an amendment can either destroy or create jurisdiction in an original diversity case." *Id.* at 37. And it emphasized that, in removed as in original cases, jurisdiction "hinges on the amended, now operative pleading," because "adding or subtracting claims or parties" can "alter a federal court's authority." *Id.* at 39. "In short," the Court said, "the rule in original cases that jurisdiction follows the amended (*i.e.,* now operative) pleading applies across the board." *Id.*[1]

---

[1] The Court did recognize narrow diversity-specific limits not implicated here: an amendment reducing the amount in controversy below the threshold does not defeat diversity jurisdiction, and citizenship for diversity purposes is assessed at filing. *Id*. at 38 n.8. Those exceptions, as explained below, concern

In summary, "a post-removal amendment can divest a federal court of its supplemental jurisdiction because—as the usual procedural principle holds—jurisdiction follows from (and only from) the operative pleading." *Id.* at 35. The plaintiff is the master of the complaint, controlling both the claims asserted and the parties sued—and "the plaintiff's control over those matters extends beyond the time her first complaint is filed." *Id.*

Taken together, these authorities confirm the governing rule here: when a plaintiff files a valid amended complaint that removes the jurisdiction-conferring allegations, the court must assess subject-matter jurisdiction from the amended, operative pleading—and must remand if jurisdiction no longer exists.[2]

Meanwhile, CAFA itself directs the Court to the operative pleading. For CAFA purposes, class-member citizenship "shall be determined … as of the date of filing of the complaint or amended complaint." 28 U.S.C. § 1332(d)(7). The statute therefore expressly contemplates that an amended complaint may serve as the reference point for determining the class's citizenship for CAFA jurisdiction, including minimal diversity under § 1332(d)(2).

There is, of course, a related "time-of-removal" principle directed at facts on the ground: courts generally evaluate subject-matter jurisdiction based on the jurisdictional facts as they existed at the time of removal, not on later factual developments. *Rolwing v. Nestle Holdings, Inc.*, 666 F.3d 1069, 1073 (8th Cir. 2012). Thus, subsequent events ordinarily cannot "remove from the case the facts on which jurisdiction was predicated." *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248 (8th Cir. 2006) (emphasis added). *Royal Canin* likewise explains that time-of-filing

---

jurisdictional "facts on the ground," not "the effect of the plaintiff's decision, as the master of her complaint, to add or subtract claims or parties." *Id.*

[2] Although not binding on this Court, Plaintiffs note that the district court's post–*Royal Canin* discussion of CAFA jurisdiction in *Estate of B.H. v. Netflix, Inc.*, No. 4:21-cv-06561-YGR, 2025 WL 3697416 (N.D. Cal. Nov. 10, 2025), provides a helpful illustration of *Royal Canin*'s application in the CAFA context.

principles govern "fact(s) on the ground," such as citizenship, but have never been understood to "limit the effect of the plaintiff's decision, as the master of her complaint, to add or subtract … parties." 604 U.S. at 38 n.8. The Eighth Circuit illustrated the distinction in *Wullschleger*: if a party later moves to another state and thereby "destroys" diversity, that post-filing change in the "state of things" does not defeat diversity jurisdiction. 75 F.4th at 923.

But that rule is about later changes to *underlying facts*—not about the legal effect of a properly filed amended pleading. Plaintiffs are not altering any jurisdictionally relevant facts; they are narrowing the proposed class—i.e., the parties whose claims are asserted—to Missouri citizens as of the date of filing. That is a change in the "state of pleading," not the "state of things." Class members who were Missouri citizens at filing remain within the amended class definition, and those who were not Missouri citizens at filing remain outside it. Accordingly, the time-of-removal rule does not bar the Court from assessing CAFA jurisdiction from the face of the Second Amended Complaint.

\* \* \*

Defendants' reliance (in opposing Plaintiffs' Motion to Amend) on *Hargett v. RevClaims, LLC*, 854 F.3d 962 (8th Cir. 2017), and *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783 (8th Cir. 2012), is misplaced. To the extent those decisions could be read to require a federal court to disregard the operative amended complaint when reassessing subject-matter jurisdiction, that reading cannot be squared with intervening Supreme Court precedent. *Royal Canin* holds that when "a plaintiff amends [his] complaint," "a federal court's jurisdiction depends on what the new complaint says." 604 U.S. at 30.

*Hargis* illustrates the point. There, applying the then-prevailing time-of-removal framework, the Eighth Circuit stated that even though the plaintiff later narrowed the proposed

5

class to Missouri plaintiffs, "her original complaint controls this determination, as it was the operative complaint at the time of removal." 674 F.3d at 789–90. Whatever force that premise may once have had, it has been displaced by *Royal Canin*'s binding instruction that jurisdiction turns on what the amended, operative complaint says—not on a superseded pleading.

Nor does *Hargett* help Defendants. *Hargett* did not announce any CAFA-specific rule requiring courts to ignore an operative amended complaint; it simply observed, in discussing the local-controversy exception, that "class citizenship must be determined as of the date of the pleading giving federal jurisdiction." 854 F.3d at 967. Here, the Second Amended Complaint expressly limits the proposed class to those who were Missouri citizens as of the filing of the original complaint. On that operative definition, minimal diversity is absent, and CAFA jurisdiction does not exist.

**B.      Under the SAC's Missouri-citizen-only class definition, CAFA minimal diversity is absent, so remand is required.**

The SAC confines the proposed class to "Missouri citizens." Under binding Eighth Circuit authority, that phrase is unambiguous and excludes non-Missouri citizens for CAFA minimal-diversity purposes.

In *Doe v. SSM Health Care Corp.,* 126 F.4th 1329 (8th Cir. 2025), the Eighth Circuit held that a proposed class defined as "all Missouri citizens" unambiguously limits the class to Missouri citizens at the time of filing, and—where the defendant is also a Missouri citizen—CAFA minimal diversity is not satisfied and CAFA does not authorize removal**.** *Id.* at 1333 (interpreting § 1332(d)(7) and concluding that "all Missouri citizens" defeats minimal diversity when defendant is a Missouri citizen).

That is precisely the posture here. As the Court recognized in its February 3, 2026 Order, Plaintiffs sue Missouri dispensaries under Missouri law and now propose a Missouri-citizen-only

6

class. (ECF No. 31, p. 4.) Under the SAC's class definition, there is no plausible path to CAFA minimal diversity under § 1332(d)(2)(A).

Accordingly, with CAFA jurisdiction absent on the face of the operative complaint, Plaintiffs respectfully request an order remanding this case under § 1447(c)

## **CONCLUSION**

For all of the foregoing reasons, this Court should remand this action to the Circuit Court of Jackson County, Missouri.

Respectfully submitted,

KLAMANN & SCHERMERHORN, PA

By: /s/ *Andrew Schermerhorn*
Andrew Schermerhorn, MO 62101
4435 Main Street, Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
ajs@klamannlaw.com

Paul D. Anderson, MO 65354
THE POPHAM LAW FIRM, PC
712 Broadway Blvd., #100
Kansas City, Missouri 64105
P: (816) 221-2288
F: (816) 221-3999
paul@pophamlaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing on February 5, 2026, with the Clerk of the Court by using the CM/ECF system.

*/s/ Andrew Schermerhorn*

8