# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

CHRISTOPHER VICK, et al.,
Individually and on behalf of all others
similarly situated,

        Plaintiffs,

vs.

FRESH GREEN, LLC, et al., and
JOHN DOE DISPENSARIES 1-215,

        Defendants.

Case 4:25-cv-00739-DGK

Removed from Jackson County Circuit
Court Case No. 2516-CV18924

## DEFENDANTS' OPPOSITION TO RENEWED MOTION FOR REMAND

Plaintiffs' Renewed Motion for Remand fails for two reasons. First, citizenship of the proposed plaintiff class must be determined as of the date of the filing indicating the existence of federal jurisdiction. Second, in the CAFA context, any doubt as to remand must be resolved in favor of retaining jurisdiction.

Accordingly, the Renewed Motion should be denied.

## I.  The First Amended Petition is operative for purposes of CAFA jurisdiction.

For cases not originally filed in federal court, citizenship of the members of a proposed plaintiff class "shall be determined" for purposes of CAFA jurisdiction "as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction." 28 U.S.C.A. § 1332(d)(7). Here, that is the First Amended Petition.

There is no prohibition on post-removal amendment. That Plaintiffs can, and did, file an amendment does not change the citizenship of the proposed class for purposes

1

of CAFA jurisdiction. The Second Amended Petition did not indicate the existence of federal jurisdiction. The "amended pleading" that gave rise to federal jurisdiction is the First Amended Petition, which remains operative for purposes of proposed class citizenship.

The First Amended Petition remains operative for purposes of CAFA jurisdiction, and the Renewed Motion should be denied.

## II.    If there is any doubt as to remand, this Court retains jurisdiction.

The Renewed Motion relies on authority that offer general rules regarding amended pleadings and remand obligations. Plaintiffs use those cases, that do not involve CAFA, to argue that the Court must remand this case because their amendment eliminated federal jurisdiction.

But Plaintiffs' authority is inapplicable to this case.

The general rule is to resolve all doubts in favor of remand. *Leflar v. Target Corp.*, 57 F.4th 600, 604 (8th Cir. 2023). But for cases properly removed under CAFA, like this one, a court retains jurisdiction if there is later *any* doubt as to the applicability of a CAFA. *Id.* (vacating remand and returning case to federal court because the district court applied the general remand rule and "for nearly a decade, the law has been clear that the same rule does not apply under the Class Action Fairness Act.").

There is plenty of doubt as to remand. The Court should retain jurisdiction and deny the Renewed Motion.

## III.    The Renewed Motion should be denied.

Plaintiffs Renewed Motion should be denied because the First Amended Petition is still operative for purposes of CAFA jurisdiction. Any doubt as to remand must be

resolved in favor of retaining jurisdiction. Accordingly, Plaintiffs' motion should be denied.

ARMSTRONG TEASDALE LLP

By: /s/ *Madeline L. Mann*
Eric M. Walter #47297
Paul Brusati #67975
Nicholas D. Slovikoski #73019
Madeline L. Mann #78084
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
Telephone: 816.221.3420
Facsimile: 816.221.0786
ewalter@atllp.com
pbrusati@atllp.com
nslovikoski@atllp.com
mlmann@atllp.com

***ATTORNEYS FOR DEFENDANTS
VERTICAL ENTERPRISE, LLC
AND GRASSROOTS OPCO MO, LLC***

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 10, 2026, a true and accurate copy of the above and foregoing was e-filed with the Court which sent notification to all parties entitled to service.

*s/ Madeline L. Mann*

4