# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

CHRISTOPHER VICK, et al.,
Individually and on behalf of all others
similarly situated,

        Plaintiffs,

vs.

FRESH GREEN, LLC, et al., and JOHN
DOE DISPENSARIES 1-215,

        Defendants.

Case 4:25-cv-00739-DGK

Removed from Jackson County Circuit Court
Case No. 2516-CV18924

## PLAINTIFFS' REPLY IN SUPPORT OF
## RENEWED MOTION TO REMAND

The Court directed the parties to address whether the SAC supersedes the FAC for purposes of CAFA jurisdiction. Defendants argue it does not—but they cite no binding authority for treating the superseded FAC as controlling, and they do not grapple with *Royal Canin's* instruction that when "a plaintiff amends [his] complaint," "a federal court's jurisdiction depends on what the new complaint says." *Royal Canin U.S.A., Inc. v. Wullschleger,* 604 U.S. 22, 30 (2025). Under that framework, the SAC is the operative pleading and its Missouri-citizen-only class definition (tethered to citizenship as of the original filing) eliminates CAFA minimal diversity.

## I.      Section 1332(d)(7) does not make the FAC "operative" once the SAC is filed.

Defendants rest their argument on § 1332(d)(7), but that provision does not do what Defendants claim. Section 1332(d)(7) is a *timing rule*—it specifies *when* citizenship is measured for CAFA purposes; it does not freeze the case forever to the first pleading that supported removal, nor does it displace the ordinary rule that an amended complaint which removes parties from the case supersedes prior pleadings and becomes the operative complaint.

Properly read, § 1332(d)(7) answers a different question than Defendants pose. The statute provides that class-member citizenship is determined as of the filing of "the complaint or amended complaint," and adds a conditional alternative where "the case stated by the initial pleading is not subject to Federal jurisdiction," in which event citizenship is determined as of service of a later "amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction." 28 U.S.C. § 1332(d)(7). Either way, § 1332(d)(7) addresses the *date for measuring citizenship*—not which complaint defines the proposed class once an amendment has been allowed and filed.

Here, the Court granted leave to file the SAC, and Plaintiffs filed it. The SAC therefore governs the scope of the proposed class. And the SAC does not attempt to change any underlying jurisdictional facts; it expressly redefines the class as *Missouri citizens as of the filing of the original complaint*. The Court's CAFA analysis must therefore proceed from the SAC's operative class definition, even if the Court applies § 1332(d)(7) to that redefined class.[1]

## II. Defendants' "any doubt" argument is inapplicable and, in any event, does not save jurisdiction that is absent on the face of the operative complaint.

Defendants next argue that "any doubt" must be resolved in favor of retaining jurisdiction under CAFA, citing *Leflar v. Target Corp.*, 57 F.4th 600 (8th Cir. 2023). But *Leflar* does not establish a CAFA-specific thumb on the scale that permits a federal court to retain jurisdiction when CAFA's statutory prerequisites are not met. *Leflar* simply holds that the anti-removal presumption applicable in some "mine-run diversity cases" does not apply under CAFA. It goes on to reiterate that the removing party must still plausibly allege (and, if challenged, prove by a

---

[1] Even accepting Grassroots' reading of § 1332(d)(7), its assertion that the First Amended Petition was the first pleading "indicating the existence of Federal jurisdiction" is incorrect. The original Petition alleged the same putative class action and the same theories; it simply named a smaller subset of dispensary defendants. In other words, whatever CAFA basis appeared in the First Amended Petition was already apparent from the original Petition. Accordingly, since the original petition indicated the existence of Federal jurisdiction, § 1332(d)(7) requires that citizenship be determined as of the original Petition's filing date.

preponderance) that the CAFA requirements are satisfied. 57 F.4th at 604–05. Nothing in *Leflar* authorizes retaining a case when minimal diversity is absent under the operative pleading.

More fundamentally, this is not a case of "doubt." CAFA's jurisdictional elements are not satisfied on the face of the operative complaint since the Plaintiff class now consists of *only* Missouri citizens.

## CONCLUSION

For all of the foregoing reasons, this Court should remand this action to the Circuit Court of Jackson County, Missouri.

Respectfully submitted,

KLAMANN & SCHERMERHORN, PA

By: /s/ *Andrew Schermerhorn*
Andrew Schermerhorn, MO 62101
4435 Main Street, Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
ajs@klamannlaw.com

Paul D. Anderson, MO 65354
THE POPHAM LAW FIRM, PC
712 Broadway Blvd., #100
Kansas City, Missouri 64105
P: (816) 221-2288
F: (816) 221-3999
paul@pophamlaw.com

ATTORNEYS FOR PLAINTIFFS

3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing on February 10, 2026, with the Clerk of the Court by using the CM/ECF system.

/s/ Andrew Schermerhorn

4